## FIDELITY & DEPOSIT CO. OF MARYLAND v. LOCKE et al. (No. 1739.)

Court of Civil Appeals of Texas. Beaumont. Dec. 18, 1928.

Albert B. Hall, of Dallas, for appellant.

Henne & Fuchs, of New Braunfels, and Walter M. Van Nort, of Dallas, for appellees.

O'QUINN, J. Appellant sued Otto Locke and eighteen other persons in the district court of Dallas county, Tex., to recover a loss alleged to have been sustained by it on account of a surety bond executed by it for them as copartners doing business as State Refining Company and the State Refining Association. Three of the defendants resided in Dallas county, Tex. Other defendants resided in different counties of Texas, and three in other states. The defendant Otto Locke filed his plea of privilege to be sued in the county of his residence, which he alleged was Comal county, Tex. The defendants J. C. Cockrum and R. L. Erwin filed pleas of privilege, whereby they asserted the right to be sued in Mills county, Tex. Appellant, plaintiff, in answer to said pleas, filed the following controverting affidavit, omitting formal parts:

"Now comes Fidelity and Deposit Company of Maryland, plaintiff in the above numbered and entitled cause and within twenty days after appearance day, files this its answer to a plea of privilege filed herein by the defendant Otto Locke on, to wit, the 13th day of August, A. D. 1927, and plea of privilege filed herein by the defendants J. C. Cockrum and R. L. Erwin, on to wit, the 15th day of August, A. D. 1927, and to contest and controverting pleas and shows the court:

"1. That it denies all and singular the allegations of said pleas, and each of them.

"2. That the allegations of said pleas of privilege, and each of them, to the effect that no exceptions to exclusive venue in the county of one's residence provided by law exist in said cause, are not true.

"3. That the defendants F. B. Horton and J. H. Hill and Mrs. W. A. Bonner, and each of them, reside in Dallas County, Texas; that they, and each of them, are proper and necessary parties defendant in said cause in which, on account of the matters and things in controversy, the defendants therein, and each of them, are jointly and severally liable to plaintiff.

"Wherefore, plaintiff prays for hearing hereof within thirty days from the filing hereof and within ten days after the same shall have been set, and for judgment overruling said pleas of privilege, and each of them, and sustaining the right of plaintiff to proceed with said cause in said court and sustaining the jurisdiction and venue thereof fixed, and for full relief in the premises."

Locke, Cockrum, and Erwin filed answers to appellant's controverting affidavit, excepting to its sufficiency, and that same alleged no facts which would confer jurisdiction on the court wherein same was pending, and prayed that their pleas of privilege be sustained.

The only evidence given upon the hearing was that of F. B. Horton, one of the defendants, who testified that he and the defendants J. H. Hill and Mrs. W. A. Bonner then, as well as when the suit was filed, resided in Dallas county, Tex.; that they and the other defendants in this suit transacted business under the name of State Refining Company and the State Refining Association, under a so-called declaration of trust, under which they and each of them owned certificates or shares; that they, acting by him and J. H. Hill, as principals, and plaintiff as surety, executed a bond in the penal sum of $5,000, payable to Chas. W. Wallace, conditioned for the prompt payment of all moneys due for the delivery of certain crude oil in accordance with the contract recited in said bond; that a judgment for $800 was rendered against plaintiff on account of said bond December 8, 1926, which it paid, and that it had not been reimbursed for same; that the nature of his interest and liability, if any, on account of the matters and things involved in this suit, was the same as the other defendants, and that he did not know whether the declaration of trust under which they did business limited their liability to the trust fund.

At the conclusion of the hearing on the pleas of privilege and the controverting affidavit, judgment was entered sustaining the pleas of privilege and transferring the cause as to these defendants to the court having jurisdiction of same in the counties of their several residences. From that judgment appellant brings this appeal.

Appellant's propositions all go to assert that the court erred in sustaining the pleas of privilege because three of the defendants resided in Dallas county and there existed against each and all of the defendants a joint liability in favor of appellant.

The assignments will have to be overruled, and the judgment affirmed because of the insufficiency of the controverting affidavit. Article 2007, R. S. 1925, provides: "If the plaintiff desires to controvert the plea of privilege he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

The only facts set out in appellant's controverting affidavit are: "That the defendants F. B. Horton and J. H. Hill and Mrs. W.

A. Bonner and each of them, reside in Dallas County, Texas; that they, and each of them, are proper and necessary parties defendant in said cause in which, on account of the matters and things in controversy, the defendants therein, and each of them, are jointly and severally liable to plaintiff."

 It is thus seen that none of the facts, if any existed, that made the defendants jointly and severally liable to appellant were alleged. The statement in the controverting affidavit is but the statement of a legal conclusion. Ryan v. Johnson (Tex. Civ. App.) 284 S. W. 653. The statute requires that the *facts* upon which a plaintiff relies for venue shall be *specifically* set out in the controverting affidavit. They must be both pleaded and proved. Penix v. Davis (Tex. Civ. App.) 265 S. W. 719; Jacobson v. Berwick (Tex. Civ. App.) 289 S. W. 1035; Wood v. Tandy (Tex. Civ. App.) 299 S. W. 282; Moore v. Investment Finance Corporation (Tex. Civ. App.) 299 S. W. 324; Gholson v. Thompson (Tex. Civ. App.) 298 S. W. 318; Duffy v. Cole Petroleum Co. (Tex. Com. App.) 5 S.W.(2d) 495. It is very plain that here the controverting affidavit contains no fact that even tends to show joint liability of defendants to appellant. Taking the statement in the controverting affidavit, it leaves wholly to conjecture what the "matters and things in controversy" were upon which appellant relied for venue in Dallas county.

The judgment is affirmed.