## BENDER v. KOWALSKI. (No. 8112.)

Court of Civil Appeals of Texas. San Antonio. Jan. 9, 1929.

Rehearing Denied Feb. 6, 1929.

McFarland & Young, of San Antonio, for appellant.

E. H. Crenshaw, Jr., of Kingsville, for appellee.

SMITH, J. The appeal presents, first, the question of the sufficiency of the averments required in a plea controverting a plea of privilege to be sued in the county of the defendant's residence. The statute (article 2007, R. S. 1925) requires that such controverting plea shall set "out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending." In this case the general fact relied upon by the plaintiff was that the defendant contracted in writing to perform an obligation in Kleberg county, where the suit was instituted, the defendant being a resident of Bexar county (subdivision 5, art. 1995, R. S. 1925).

The only grounds of jurisdiction set out in the controverting plea were "that the contract sued upon by the plaintiff was in writing signed by both plaintiff and defendant and was, by its terms, to be performed in Kleberg County, Texas, and said contract was in fact partly performed in Kleberg County, Texas, by reason of the fact that defendant, as he was obligated by the terms of said written contract to do, deposited with Robert J. Kleberg & Company, at Kingsville, in Kleberg County, Texas, the sum of One Hundred ($100.00) Dollars as earnest of his good faith." No extrinsic fact or document, such as the pleadings in the case, was referred to in the controverting plea for a more complete statement of the facts relied upon to show venue. These questions arise: First, were the facts averred in the controverting plea sufficient within themselves to meet the requirement in the statute that the controverting plea "set out specifically the fact or facts relied upon to confer venue"? And, second, if not, could the court consider the pleadings in the case as supplementing the averments in the controverting plea in order to determine the question of venue, in the absence from the plea of any reference to or adoption of those pleadings as a part of the plea? And, third, if so, did the controverting plea, aided by the averments in the pleadings, show venue in Kleberg county? Because of the disposition to be made of the first two questions, the third need not be decided here.

We are of the opinion that the controverting plea, when considered alone, is not sufficient to affirmatively show venue in Kleberg county. It is expressly provided that the controverting plea set out, "specifically," the facts relied on to show venue. We think the plea here failed to meet that requirement. The first allegation relied upon by appellee is that the contract sued upon "was, by its terms, to be performed in Kleberg County." Obviously this is not an allegation "of specific facts," as contemplated in the exception to the venue statute; it is but a most "general" conclusion of law, from specific facts not disclosed in the plea. It involves the arbitrary construction of a contract, none of the terms (specific facts) of which are disclosed in the plea; whereas, it was the true function of the plea to set out those terms in such detail as to enable the court trying the question of privilege to ascertain the intention of the parties and the purpose and legal effect of the contract, and, upon this construction, to determine the sufficiency of the plea of privilege. The court was not obliged, would not be authorized, to sustain or reject venue solely upon the construction put upon the contract by either party. The contract might be of such nature, and may contain such terms, and be couched in such language, as to render doubtful the true construction of

its purposes and effect. In order to perform his office of construing the instrument, the trial judge must have the instrument itself, or a statement of its specific provisions, before him, and the general conclusions of law formed by the litigant are not sufficient to enable the court to perform that office.

The remaining averment in the controverting plea purporting to show venue was that the contract "was partly performed in Kleberg County," in that the "defendant, as he was obligated by the terms of the written contract to do, deposited with R. J. Kleberg & Company, at Kingsville, in Kleberg County, the sum of $100 as earnest of his good faith." This allegation is not deemed sufficient to confer venue in Kleberg county. If it had been made to appear in the controverting plea that this action was brought to require appellant to comply with the recited contractual obligation to deposit the sum stated in the hands of some person in Kleberg county, then it would follow that venue of the action lay in that county. But the averments in the controverting plea negative such purpose, in that it is shown therein that the obligation had already been fully performed by appellant. It has been frequently held that, in order to sustain venue in a county other than that of the residence of the defendant, under the exception now being considered, it is necessary that the action be one to enforce the very obligation conferring such venue, and it is immaterial that the contract sued on embraces an executed obligation performable in such county. Lyon v. Gray (Tex. Civ. App.) 265 S. W. 1096; Wrenn v. Brooks (Tex. Civ. App.) 257 S. W. 300. We hold that the controverting plea was insufficient to show venue in Kleberg county, when tested alone by the averments in that plea.

This conclusion relegates the case to the question of whether or not the pleadings in the case may be considered in aid of the controverting plea, in the absence from the plea of any reference to or adoption of those pleadings as a part thereof. It would seem at first blush that it would require a strained construction of the statute, as well as of the principle involved, to hold that in such case the pleadings cannot be looked to in aid of the controverting plea, in the absence of a reference in that plea to such pleadings, especially in view of the general rule that a trial court may take cognizance of all papers on file in a cause in determining matters of jurisdiction. But it appears, nevertheless, that the Courts of Civil Appeals have established the rule against the consideration of the plaintiff's petition in aid of a controverting plea, in the absence, from that plea, of a reference to, or adoption of, that pleading for that purpose. Murphy v. Dabney (Tex. Civ. App.) 208 S. W. 984; Jacobson v. Berwick (Tex. Civ. App.) 289 S. W. 1035; Penix v. Davis (Tex. Civ. App.) 265 S. W. 718; Gholson v. Thompson (Tex. Civ. App.) 298 S. W. 318; Wood v. Tandy (Tex. Civ. App.) 299 S. W. 282; Grogan-Cochran Lumber Co. v. McWhorter (Tex. Civ. App.) 4 S.W.(2d) 995. This holding is grounded upon the proposition that the controverting affidavit is itself a plea, and must contain allegations of the specific facts "relied upon to sustain the venue in the trial court, and if not affirmatively alleged, the affidavit must adopt the terms of the petition, either by reference or as an exhibit." Grogan-Cochran Lumber Co. v. McWhorter, supra. Or, stated differently by another court: "The plea of privilege filed by appellant was, by force of the statute as amended, tantamount to a full, complete, and detailed denial under oath of the facts alleged in appellee's petition, the existence of which appellee claimed conferred jurisdiction over appellant, and the right to sue him in Liberty county; and that, after the filing of such plea by appellant, appellee was required, in order to raise the issue of the right to sue appellant in Liberty county, to file a controverting plea or affidavit, under oath, which verified plea or controverting affidavit would show facts conferring jurisdiction over appellant in Liberty county, as sought, *even though such would be but a repetition of the jurisdictional facts already alleged in his petition.*" (Italics ours.) Murphy v. Dabney, supra. No decisions questioning this holding have been pointed out to us, nor have we found any, and, in deference to those cited, as well as to support the integrity of the valuable right of the citizen to be sued in his own domicile, in the absence of a clear exception against that privilege, we hold that appellee's controverting plea was insufficient to revive the issue of venue in the face of appellant's plea of privilege.

Accordingly, the order overruling the plea of privilege will be reversed, change of venue granted, and the cause remanded, with instructions that the clerk of the district court of Kleberg county make out a transcript of all orders entered in this cause in said court and transmit the same, together with the original papers in said cause, to the clerk of the district courts of Bexar county.