## BLEDSOE v. LINDSEY.

### No. 3110.

Court of Civil Appeals of Texas. Beaumont.
April 8, 1937.

B. C. Johnson, of Houston, for plaintiff in error.

W. R. Blain, of Beaumont, for defendant in error.

O'QUINN, Justice.

This is an appeal from an order overruling a plea of privilege. Defendant in error filed suit in the county court at law of Jefferson county, Tex., against plaintiff in error, Bledsoe, and the Dallas-Williams Furniture Company, a corporation domiciled in Beaumont, Tex., alleging that defendant in error, Bledsoe, his agents, servants and employees, during the night of June 2, 1936, while she was absent, and without her consent, broke and entered her house, and removed therefrom one bed, one vanity, and one chiffonier of the total value of $157.50, and also one diamond ring which was in a drawer of said chiffonier, which ring was worth $250, all of which property belonged to her and which property was being unlawfully withheld from her to her damage in the alleged value of said property. She further alleged that C. E. Bledsoe, his agents, servants and employees, were actuated by malice in breaking and entering her said house, and in removing the said property therefrom, and illegally withholding same from her, for which she was entitled to recover exemplary damages in the sum of $500.

The only allegation against Dallas-Williams Furniture Company was that the furniture alleged to have been removed from the house of defendant in error had been stored in the "store room" of said company on June 3, 1936.

Defendant in error's prayer was: "Wherefore, premises considered, plaintiff prays that the defendant be cited to appear and answer herein, and upon final trial hereof, she have judgment for the recovery of said property above described, or in lieu thereof that she have actual damages in the sum of $407.50, and exemplary damages in the sum of $500.00, for costs of suit and for such other and further relief, special and general, in law and equity, to which plaintiff may show herself to be entitled."

Defendant, plaintiff in error, Bledsoe, duly filed his plea of privilege to be sued in Harris county, Tex., the county of his residence. Defendant in error, plaintiff below, duly filed her controverting affidavit asserting venue in the county court at law of Jefferson county, because:

(a) Plaintiff in error, Bledsoe, one of the defendants, committed a trespass in Jefferson county, Tex., in unlawfully entering her home in her absence and without her consent and removing her furniture from her said home and withholding same from her possession, to her damage in the sum of $407.50; (b) that one of the defendants, Dallas-Williams Furniture Company, has its domicile and resides in Jefferson county, and that said defendants Bledsoe and said furniture company were joint tort-feasors in the committing of the acts complained; (c) that said trespass occurred in Jefferson county, for which she had brought her suit for damages.

Upon a hearing the court overruled the plea of privilege from which order this appeal is taken.

Upon the hearing of the plea of privilege, defendant in error, plaintiff below, introduced her petition for damages, and

her controverting affidavit. This was the only evidence she adduced. The rule is well settled that the burden is upon the party asserting venue to both plead in his controverting affidavit and prove on the hearing the facts that authorized the court to retain venue to hear and determine the controversy. The petition and controverting affidavit, if sufficient as pleadings, were not proof of any fact alleged. The introduction of them did not prove any fact. Stockyards Nat. Bank v. Maples (Tex.Com.App.) 95 S.W. (2d) 1300, 1302; Citizens' State Bank v. Alexander (Tex.Civ.App.) 274 S.W. 184; Fordyce Gravel Co. v. Springs (Tex.Civ. App.) 79 S.W.(2d) 1111; Gordon v. Hemphill (Tex.Civ.App.) 80 S.W.(2d) 394; Roadway Express v. Gaston (Tex.Civ.App.) 90 S.W.(2d) 874.

We think we should also say that there was no evidence offered to show liability against Dallas-Williams Furniture Company, the local defendant.

The judgment is reversed and the cause remanded.