**A. H. BELO CORPORATION v. BLANTON.\***

No. 1848.

Court of Civil Appeals of Texas. Eastland.
Nov. 11, 1938.

On Rehearing Feb. 3, 1939.

---

\* Motion for rehearing pending to await answers to certified questions to the Supreme Court.

Turner, Seaberry & Springer, of Eastland, for appellant.

Blanton & Blanton, of Albany, for appellee.

FUNDERBURK, Justice.

The suit is one brought by Thomas L. Blanton against A. H. Belo Corporation, publisher of the Dallas Morning News, to recover damages for alleged libel. The defendant duly filed a plea of privilege to be sued in Dallas County, the county of its residence. The plaintiff filed a verified controverting plea, alleging, among other things, that "this is a civil libel suit brought by plaintiff against said defendant upon libelous publications defaming the plaintiff which the defendant published between the dates of July 5, 1936 and September 3, 1936, both dates inclusive, as set forth and pleaded in Plaintiff's Original Petition which, *for the purpose of showing that this is a civil libel suit,* is referred to and made a part of this Controverting Affidavit, the same as if it were now set forth and pleaded herein in full.

"Plaintiff shows that he resided in the city of Abilene, County of Taylor and State of Texas, where the suit is brought, *at the time of the accrual of said cause of action,* and that for approximately 5 years immediately preceding said September 3, 1936, the plaintiff resided with his family * * * in * * * Taylor County, Texas, which was his legal home and place of residence * * * and for more than 28 years continuously immediately preceding said September 3, 1936, plaintiff with his family had resided in * * * Taylor County, Texas." (Italics ours.)

Upon the trial of the issues of venue tendered by said controverting plea to the plea of privilege the plaintiff, over objection of the defendant, introduced in evidence his original petition. He offered evidence designed to show that the defendant had published newspaper articles and editorials which, in plaintiff's original petition, were alleged to be libelous. Upon objection of the defendant this evidence was excluded. Upon the hearing plaintiff testified as a witness that during the months of June, July, August and, at least up to, September 25, 1936, he was a resident of Taylor County. During the introduction of this testimony the Judge inquired: "Is there any question about his residence?" Counsel for defendant replied: "We are not going to be in the attitude of agreeing to it, but we are not going to offer any testimony." The Court said: "You don't agree that it was his legal residence?" To which counsel replied: "We do not want to be in the attitude of agreeing to it." While plaintiff was detailing facts to show that for five years prior to September 9, 1936, he, with his family were living in a particular house as his home and place of residence in Abilene, Taylor County, Texas, the Honorable trial Judge remarked, "Well, the Court knows that you lived there because I passed there every week." Plaintiff moved to Washington, D. C., about September 25, 1936. Whether that involved a change of residence from Taylor County, we regard as immaterial in this case.

The court gave judgment for plaintiff against the defendant overruling the plea of privilege. The defendant has appealed.

Appellant asserts five propositions under five assignments of error. The action or ruling of the court alleged as the ground of error in each of the assignments of error was "in overruling [or in not sustaining] its plea of privilege."

By its first proposition plaintiff contends that "The Court erred in permitting Plaintiff to introduce in evidence his unsworn Original Petition or any facts alleged therein and in considering said petition as a part of Plaintiff's Controverting Affidavit, to defendant's statutory plea of privilege because said Controverting Affidavit failed to aver, under oath, that the facts alleged in said petition were true and fail-

ed to allege in said Controverting Affidavit any facts alleged in said Petition other than Plaintiff's residence in Taylor County."

We agree with appellant that the allegations in appellee's original petition designed to show a cause of action for damages for libel were not a part of the controverting plea. Assuming that they could have been made such by simple reference and adoption, it is evident that that was not done. The reference to, and adoption of, said pleading for the single specified purpose "of showing that this is a civil libel suit" was, in accordance with well known legal principles, an implied limitation of the purposes of such reference and adoption, to the particular one so specified. There was no error in the action of the court in overruling appellant's objection to the admission of plaintiff's petition in evidence, unless it was for the reason that the court was required to take judicial knowledge of the venue fact that the nature of the suit was one for damages for libel and the introduction of the pleading with the effect of thereby encumbering the record was unnecessary. Since that objection was not made, we need not determine whether, if made, it should have been sustained. The record does not show that the Court considered said petition as a part of plaintiff's controverting plea. Plaintiff's petition as evidence established conclusively the single *venue fact* that the suit was "a suit for damages for libel" under exception 29 to the general venue law (R.S.1925, Art. 1995, subd. 29). As proof of such fact, said pleading was the "best and all-sufficient evidence." Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302. As proof of that venue fact it was not even necessary that the pleading be formally introduced. It would have been the duty of the court to take judicial knowledge of the fact. Fielder v. Parker, Tex.Civ.App., 119 S.W.2d 1089, 1092. Since, therefore, the court could not properly have considered the allegations of the pleading as evidence of any other venue fact, and the record does not disclose that the court did so, we will not presume that the honorable trial Judge considered the allegations of the petition as evidence of anything, other than the nature of the action.

By its second proposition, appellant contends, in part, that "Since * * * plaintiff filed only a Controverting Affidavit alleging his residence to be in Taylor County, with the statement of a conclusion that he had filed his suit for civil libel, without pleading specifically the facts relied upon to confer venue, Plaintiff failed to meet the requirements of Art. 2007, R.S.1925, and the Court should have sustained such Plea of Privilege." The proposition as thus stated does not exactly accord with the record. Plaintiff not only alleged his residence to be in Taylor County, but also that said place of residence was such "at the time of the accrual of said cause of action"; the cause of action as alleged being for libelous publications defaming the plaintiff which the defendant published between July 5, 1936, and September 3, 1936, both dates inclusive, as set forth and pleaded in plaintiff's Original Petition." An allegation to the effect that plaintiff had filed a suit for civil libel was not, we think, the statement of a conclusion. That the suit was filed was a fact which, if required to be alleged, was certainly not required to be proved by any other evidence than such as was supplied by the court's judicial knowledge of the fact. And, as has already been said, the *venue fact* that the suit was for civil libel was conclusively established by plaintiff's original petition, whether formally introduced in evidence or not.

The proposition now under consideration assumes, rather than asserts, that it was necessary for appellee, in his controverting affidavit, directly, or at least by proper reference to, and adoption of, allegations of like effect in plaintiff's petition, and in either case properly verified by oath, *to allege* each and all of the facts necessary to show a cause of action in favor of plaintiff against defendant for damages for libel. That this is the principal question presented by this appeal is made still clearer by appellant's third and fourth propositions, as follows:

"Proposition III: The controverting affidavit filed by plaintiff is insufficient to meet the requirements of Art. 2007, Revised Statutes 1925, since no facts are alleged under oath that constitute any cause of action against the defendant or give the court venue in this case, since the only facts set forth under oath are that the plaintiff lives in Taylor County and has filed a suit against defendant for civil libel.

"Proposition IV: The controverting affidavit filed by the plaintiff in this case is insufficient to meet the requirements of Art. 2007, Revised Statutes 1925, since the original petition is only referred to therein 'for the purpose of showing that this is a civil libel suit' and since the affiant only

verifies under oath 'the facts set forth and stated in the foregoing controverting affidavit', but does not verify the facts set forth in his petition."

After careful consideration we are of the opinion that in the sense that "facts" are required to be alleged in pleadings there are in a libel suit, the venue of which as brought is sought to be sustained upon the optional exception relied upon in this case, two, and only two venue facts. They are (1) that the suit is one for "damages" for libel; (2) that plaintiff was a resident of the county wherein the suit was brought "at the time of the accrual of the cause of action." Both these venue facts, more certainly the latter, must be alleged under oath in·plaintiff's controverting plea to the plea of privilege. Fielder v. Parker, Tex.Civ. App., 119 S.W.2d 1089. The first named "venue fact", as already said, is conclusively established by the allegations in plaintiff's petition. Said pleading is "the best and all sufficient evidence" of that fact. Stockyards Nat. Bank v. Maples, supra. As such conclusive evidence, the pleading is effective to establish the venue fact, whether formally introduced or not. Fielder v. Parker, supra. We may therefore without further consideration of said first venue fact proceed to a consideration of what we have above stated to be the second and only other venue fact.

At the threshold of this inquiry, the question suggests itself: Does the above statement of such venue fact in reality include not one but two or more venue facts? This may be said to be the determinative question. If it is truly the statement of a single venue fact, then it would seem there can be no question but that plaintiff's controverting plea in this case was sufficient as a pleading of the essential venue facts, unaided by any reference to, or adoption of, the allegations in the petition, either for all purposes, or a limited purpose. The controverting plea plainly alleged that plaintiff resided in Taylor County at the time of the accrual of the cause of action alleged in his petition.

It certainly would not be contended that the fact of plaintiff's residence in Taylor County, however conclusively established, would, without reference to any particular time of such residence, be in any sense material. Likewise, the existence of facts which would give rise to a cause of action in favor of plaintiff against the defendant for libel, without any reference to the residence of plaintiff in Taylor County, would

so far as possibly affecting any question of venue, be wholly immaterial. There is a time element, involving a coincidence of the fact of residence with the time of the accrual of a cause of action, essential to the "venue fact." An issue, in the sense that a venue fact must be pleaded, may consist of a single fact, or it may consist of a group of facts. When it consists of more than one fact, or element, it is nonetheless a single issue. As said by Judge Hickman, for this court, in the City of Abilene v. Moore, 12 S.W.2d 604, 606, in reference to an issue of negligence: "Where the combination of two facts is necessary to constitute negligence, and neither one of the facts stated alone would do so, it would not be required of the trial court that he single out each evidentiary fact and then group them himself after the jury had returned its answer. *But where two facts must concur in order to constitute negligence,* those facts should be grouped in order to have a finding on the ultimate issue, which is the negligence of the party." Citing Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517. (Italics ours.) That principle, we believe to be applicable to, and controlling of, the question now under discussion. It leads irresistibly, we think, to the conclusion that the before mentioned statement of the venue fact is correctly but the statement of one such fact. As such, it was sufficiently alleged in plaintiff's controverting plea, without reference to his petition.

It is believed this conclusion in no way conflicts with the decision in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, or any of the cases relied upon. No question of the sufficiency of the pleadings was involved in Compton v. Elliott. It was decided that under exception 9 (R.S.1925, Art. 1995) in order to prove the venue fact that Stephens County was the place where the alleged crime of malicious prosecution was committed, it was necessary to prove that the crime was committed. This was upon the theory that the place of the commission of the alleged crime—the venue fact or issue to be determined by the judgment—could not be proved to be, as alleged, in Stephens County without evidence to show that the crime was in fact committed. But there was no suggestion that as a matter of pleading, it would have been insufficient simply to allege that the suit was one based upon the crime of malicious prosecution, and that such crime was committed in Stephens County.

In this case, if the fact in issue is as we have stated, the facts to show the existence of a cause of action for libel are only evidentiary, not even relating *directly* to the fact in issue. They do relate, however, to the fact of the accrual of a cause of action, which latter fact, in turn, relates to the time of such accrual. The fact of the time of such accrual does relate directly to the fact in issue.

An elementary rule of evidence is that "Evidence must relate to facts in issue *and to relevant facts.*" (Italics ours) Rule 5, Vernon's Ann.Civ.St., Vol. 10, p. 194, art. 3713. If, therefore, facts which do not relate to the fact in issue do relate to another or other facts which relate to the fact in issue, they are under said rule admissible in evidence. This rule it seems to us forbids the recognition of any distinction between this case and Compton v. Elliott, supra. In that case proof of the facts showing all the elements of a crime was held to be necessary in order to prove that Stephens County was the place where the crime was committed. It would appear, by the same reasoning, that proof of the facts showing all the elements of a cause of action is necessary in order to prove the fact of the accrual of the cause of action; that the fact of the accrual of the cause of action is necessary to show the time of such accrual; and the proof of the fact of the time of such accrual is necessary in order to show that it was coincident with the fact of the residence of plaintiff in Taylor County—the ultimate fact in issue. We can see nothing, however, in this view of the required evidence to militate against the proposition that there were but two venue facts in issue as stated.

It seems to be assumed that because in a suit to establish the liability of the defendant for damages for libel, it would be necessary to allege each fact constituting an element in the cause of action as may be freely admitted, the same would be true of the controverting plea to a plea of privilege. This assumption we believe to be unwarranted. In the suit, issues consisting of the several facts or elements of the cause of action are sought to be established by the judgment of the court. They are facts in the sense that facts are to be pleaded, and not the evidence to establish such facts. It would not be necessary or proper to allege the facts relied upon as evidence to prove the facts in issue.

But in the trial of the issues of venue, it is not sought by the judgment to determine the existence of facts showing a cause of action. Those facts, as said before, are only evidentiary in so far as they relate to the issues of venue. They are not themselves the "venue facts" sought to be established by the judgment. This distinction we think supports the proposition that although in a suit to establish a legal liability it is necessary to allege the facts constituting each element in the cause of action, in a controverting plea to establish the proper venue of a suit in the county where brought, it is not necessary to allege the facts constituting each element in the cause of action because the existence of the cause of action is not the matter to be determined by the judgment of the court, such facts being but evidentiary of the issues to be determined by the judgment.

The case of Thompson v. Duncan, Tex. Civ.App., 44 S.W.2d 508, seems to be the one chiefly relied upon by appellant. There is nothing in the opinion in that case, we think, contrary to the conclusions herein expressed. Appellant in its brief quotes with emphasis from that opinion as follows: " 'Said J. L. Duncan states, on oath, *that the facts relied upon to confer venue of this cause in the county where [the suit] is pending is that he, the plaintiff, resided in Dallas County, Texas, at the time of the accrual of the cause of action set out in plaintiff's petition.*' " Such, we think, is the exact legal equivalent of the allegations in the controverting plea, in the instant case, without any reference to, or adoption of, any allegation for any purpose in plaintiff's petition. But in Thompson v. Duncan, supra, as further quoted in appellant's brief, it is said "The allegations of the contesting affidavit are *doubtless sufficient to raise that issue,* and, while plaintiff made satisfactory proof that he resided in Dallas county on September 27, 1929, and continuously thereafter, no proof was offered showing, or tending to show, that he was slandered or libeled on that or on any other date." (Italics ours) Thus it appears that there was not only no question of the sufficiency of the controverting plea, but allegations almost identical with those in this case were expressly assumed to be sufficient. In that case, as in Compton v. Elliott, supra, no question of the sufficiency of the pleadings was in-

volved but the decision in both of said cases dealt only with questions of evidence.

In American Pub. Co. v. Holland, Tex. Civ.App., 89 S.W.2d 286, 287, the essential venue facts in a case like this were stated thus: "The sole essentials to maintain venue in Burnet county were that (1) the suit was one for libel and (2) appellant resided in Burnet county when the cause of action arose." That in so saying the court was speaking upon a question of evidence is shown by the succeeding sentence, namely, "These essentials were established either by proof or admission at the hearing." The only question before the court is disclosed in the following from the opinion "No proof was offered upon the fact of such ownership [of the paper by defendant], which omission forms the basis of appellant's assertion of reversible error." We think, as applied to a question of pleading, such statement of the essentials would be correct, but it does not follow that the same would not be true even if the court's conclusion upon the particular question of evidence was not correct.

It is our conclusion, therefore, that the question of the sufficiency of the controverting plea to tender the proper issues of venue must be determined against the contentions of the appellant.

Appellant's fifth and only other proposition, and the only proposition not dependent, as a premise, upon the insufficiency of the controverting plea is as follows: "The evidence in this case, which consists entirely of testimony of the plaintiff's residence, plaintiff's petition, the charter of defendant corporation, and the circulation of the newspaper called 'The Dallas Morning News', is insufficient to constitute venue facts to overcome the prima facie case made by defendant when it filed its plea of privilege."

The proposition presents a question of the insufficiency of the *evidence* to support the judgment, overruling the plea of privilege. The question arises under most unique circumstances. Plaintiff endeavored to introduce the very evidence, which so far as the record shows, or any question is presented concerning it, would have supplied the very evidence, the absence of which is here contended as a reason why the court improperly sustained the plea of privilege. Included as a part of such evidence were the alleged libelous newspaper editorials and articles. Without that evidence no character of other evidence, however conclusive, could have been sufficient. The court excluded this evidence upon the objection of appellant. Thus it appears that if there was any error in such action of the court it was error invited by appellant. We think that under the decision in Compton v. Elliott, supra, the court may have erred in the exclusion of the evidence. If so, it was error committed against the appellee, who, evidently satisfied with the judgment, does not present same for our review, the error not being fundamental, as would be necessary under a cross-assignment of error. The appellant having by its objection upon the untenable ground, as we have, concluded that there was no sufficient pleadings to authorize the introduction of the evidence, procured its exclusion, cannot, we think, be heard to assert that the judgment should be reversed because of the insufficiency of the evidence to support it. That error must be treated the same as if it were waived, the appellant being in a sense estopped to assert it.

We, therefore, conclude upon the whole that the judgment of the court below overruling the plea of privilege has not been shown to have been erroneous, and that it should be affirmed. It is accordingly so ordered.

## On Rehearing

FUNDERBURK, Justice.

 In the original opinion in this case we have not held, as seems to be contended in appellant's motion for rehearing, that it is not necessary in all cases that a controverting plea to a plea of privilege set out "specifically the fact or facts relied upon to confer venue of such cause on the court where the suit is pending." If the opinion be susceptible to such construction, it is subject to criticism for lack of clearness.

 In Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93, the apt term "venue facts" was coined and clearly defined. The court in the formal declaration of its conclusions said: "The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove, if the defendant asserts his privilege, are those which are stated in the particular exception of article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition." Venue facts when alleged in

a controverting plea to a plea of privilege constitute *the issues* to be determined by the court's judgment in sustaining or overruling the plea of privilege. We have held in deference to Compton v. Elliott, supra, that the factual elements of a cause of action are necessary to be shown by the evidence but only as part of the required proof that plaintiff was a resident of Taylor County "at the time of the accrual of the cause of action." It is further our holding, that the facts constituting the elements of the cause of action are not (considered singly) "venue facts." They are rather the evidence of a venue fact. In Compton v. Elliott, supra, it was held that *two* venue facts were essential to be pleaded and proved in order to show that the venue was maintainable under exception 9. Said the Court: "The venue facts, therefore, which plaintiff is required to plead and prove, are that [1] the crime or offense alleged was committed and that [2] it was committed in the county where the suit is pending." That only *two* venue facts were regarded by the court as being involved is placed beyond question by a sentence in the same connection, namely: "Proof of the *fact* [singular] of the commission of the crime, offense, or trespass is as essential as is proof of the *place* where it was committed." (Italics ours) Undoubtedly, if the facts constituting the elements of the crime of malicious prosecution were each severally a venue fact, then there were not two, but considerably more than two venue facts involved. In Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302, it was declared that by the purport of the language of exception 4 (more than two defendants residing in different counties) there were two venue facts, namely: "the residence of one of the defendants in the county where the suit is pending and a suit brought against two or more defendants." One other venue fact, making three in all, was recognized as having been added by judicial construction. It was said: "The decisions of the courts have added another venue fact to those prescribed by the language of exception 4." Are we justified in saying that the court held that there were just three venue facts, and that one of them was the fact of the existence of a cause of action? Witness this further language of the court: "* * * in our opinion adequate protection is afforded to the defendant's valuable right to make his defense on the merits in the county of his residence when the plaintiff who has filed suit in the county of the residence of one of the defendants is obliged, in order to overcome the prima facie proof made by the plea of privilege filed by the nonresident defendant, to establish by proof the *three* venue · facts which have been discussed, including the fact [singular] that he has a cause of action, as alleged, against the resident defendant." (Italics ours)

Of course, it cannot be gainsaid that the factual elements comprising almost any cause of action that could be alleged would alone amount to more than three. Be that as it may, it is beyond the range of controversy, we think, that here the Supreme Court treats the fact of the existence of a cause of action as *one* of the *three* facts involved in that particular exception. If one, then it goes without saying that that one only need be alleged in addition to the other two. The proof under Compton v. Elliott, supra, will comprehend evidence to show the existence of each factual element in the cause of action.

It is evident, however, from the motion for rehearing that our conclusions are not in accord with a number of decisions cited, including among them Bramblett v. Roby State Bank, 67 S.W.2d 450, and Texas Acceptance Corp. v. Strickland, 91 S.W.2d 1179, following it, both by this court. In those cases we overlooked the rule discussed in the original opinion herein which recognizes that whether a particular allegation in a pleading is the averment of a fact or of a legal conclusion may depend upon the nature of the issues to be determined by the judgment, with the result that under some circumstances the same allegation may be a proper allegation of a fact while under others an improper allegation of a legal conclusion. We are now convinced that the proper deductions from the opinions in Compton v. Elliott and Stockyards National Bank v. Maples, supra, support the proposition that the several exceptions to the general rule of venue state the only facts necessary to be pleaded, and that when a controverting plea alleges the facts as stated in a particular exception relied on to sustain the venue, it is sufficient as a matter of pleading.

The particular exceptional provision under consideration authorizes the venue of the suit, as brought, in Taylor County, if the suit is for damages for libel, and the plaintiff "resided at the time of the

accrual of the cause of action" in said Taylor County. Every venue fact is comprehended in that statement. No amount of scrutiny can discern therein the fact of a defamation, of a publication, or of malice. To allege that a suit is a "suit for damages for libel" sounds like the allegation of a legal conclusion. If such allegation were intended to be established by the judgment of the court as a basis of the liability to pay damages, it would be. But it may certainly be regarded as settled that such allegation, as it relates to venue, is the allegation of a fact and not of a legal conclusion. Stockyards National Bank v. Maples, supra.

█ Perfectly analogous, the allegation that plaintiff resided in Taylor County at the time of the accrual of the cause of action, is an allegation of fact and not a legal conclusion. Moreover, it is the allegation of one fact, not two or more. It is to be noticed the pleader does not aver that he had a cause of action against the defendant. He does .not even allege that a cause of action accrued. He simply alleged that he was a resident of Taylor County, and since under the law that is unimportant, unless he was such a resident at a particular time specified by the law, he meets that requirement of the law by specifying "at the time of the accrual of the·cause of action."

█ Stockyards National Bank v. Maples, supra, is authority for the proposition that in the trial of the issues involved on the hearing of a controverted plea of privilege the only evidence· necessary is such as is relevant to the venue facts, which latter, as we have said before, are the issues and only issues tendered by a good controverting plea to a plea of privilege. Upon this point the court said: "The statutory hearing upon the issues made by the plea of privilege and the controverting affidavit is intended to be a trial of the question of venue and *not of the merits of the case.·* This hearing should not be extended into a consideration or trial of the merits of the case [*further*] *than is made necessary by the peculiar language of the particular exception of article 1995 upon which the plaintiff relies.*" (Italics ours) This was said in connection with the following: "Proof by the plaintiff that he has a cause of action against the resident defendant *is relevant to the issue of venue,* in that the plaintiff in making such proof conclusively shows his good faith in the selection of the venue; but proof by the plaintiff that he has a cause of action against the nonresident defendant *has no relevancy to the issue of venue.*" (Italics ours)

We believe that our original opinion correctly points out the only respect in which the facts which would show a cause of action for libel are relevant to the issues of venue, and logically demonstrates that such facts are only evidentiary of venue facts and do not constitute the venue facts themselves.

█ On the question of invited error, we are, after further consideration, aided by appellant's motion for rehearing, convinced that we were ·in error. In determining the question of the sufficiency of the controverting plea, we were bound to know from the record that under our interpretation of Compton· v. Elliott, evidence necessary to establish the issues of venue was upon the objection of appellant excluded. As a necessary deduction from our conclusion on the question of pleading, the action of the court in excluding such evidence was erroneous, the error being committed against the appellee. But no assignment of error by appellant, or cross-assignment of error by the appellee presents the action of the court in excluding the evidence for review by this court. As said in the original opinion the error of the court in this respect was not a fundamental error. Our jurisdiction to review actions · or rulings of a trial court, not involving fundamental error, is upon assignments of error distinctly specifying the grounds upon which a party to the appeal relies. Art. 1844, R.S.1925, Vernon's Ann.Civ.St. art. 1844. The same statute declares that "All errors not distinctly specified are waived." Under the operation of this statute the error of the court in excluding the evidence in question has been waived. The question then arises, which· seems not to have occurred to us in our prior consideration of the case: If such error against the appellee was waived, how can it be utilized in his favor as an estoppel to permit a judgment to be affirmed which concededly lacked necessary support in the evidence? This court has had occasion to approve a proposition as follows: "If it becomes necessary for an appellee or a defendant in error to invoke the authority of the appellate court to determine the existence of error, not fundamental, in any ruling, action

or other part of the proceedings of the trial court, whether to obtain further relief in a judgment awarding partial relief, or to sustain the judgment in his favor upon some other basis, or for some other reason than that upon which it was predicated by the trial court, then it is necessary to present such matters by cross-assignments of error." Miller v. Fenner, Beane & Ungerleider, Tex.Civ.App., 89 S.W.2d 506, 509; Texas Co. v. Graham, Tex.Civ.App., 107 S.W.2d 403. The waiver declared by the statute has the effect of requiring us to regard the action of the court in excluding the evidence as not in itself subject to review; and in considering appellant's assignment of error challenging the want of necessary evidence to support the judgment we must determine that question, without reference to the reasons why the evidence was not introduced.

 There is another and independent reason why we are now convinced we were in error in our original opinion. It is true, appellant objected to the evidence, but it is also true, as the record clearly reflects, that the objection was not the cause of the court's excluding the evidence. The evidence was objected to on the ground of the want of pleading to support it. The court announced precedently and independently of any objection that he was going to exclude the testimony upon an entirely different theory, in no manner dependent upon the question of pleading involved in the subsequent objection. The evidence was excluded because of the view of the learned trial judge that such evidence was unnecessary to establish the requisite venue facts. It was objected to under a directly opposite theory. Under such circumstances, we think, that we would not be warranted in holding that the error was invited, and thus applying the principle of estoppel under circumstances manifestly lacking in essential characteristics of a true estoppel.

It is our conclusion upon the rehearing that the motion should be granted, that our former judgment affirming the judgment of the trial court should be set aside, and that the said judgment should be reversed and the cause remanded.

It is accordingly so ordered.

GRISSOM, Justice.

 The majority of this court concur in the foregoing disposition of the case on motion for rehearing. However, we have come to the conclusion that plaintiff's controverting affidavit does not set out "specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending", as required by Art. 2007.

Plaintiff's controverting affidavit, eliminating the formal parts and the oath, is as follows:

"* * * this is a civil libel suit brought by plaintiff against said defendant' upon libelous publications defaming the plaintiff which the defendant published between the dates of July 5, 1936 and September 3, 1936, both dates inclusive, as set forth and pleaded in plaintiff's original petition, which for the purpose of showing that this is a civil libel suit is referred to and made a part of this controverting affidavit the same as if it were now set forth and pleaded herein in full.

"Plaintiff shows that he resided in the City of Abilene, County of Taylor and State of Texas where this suit is brought at the time of the accrual of said cause of action, and that for approximately five years immediately preceding said September 3, 1936, the plaintiff resided with his family at No. 3425 South Seventh Street in the City of Abilene, Taylor County, Texas, which was his legal home and place of residence and which during said time had in it their household furniture and family effects, and that for more than twenty-eight years continuously, immediately preceding said September 3, 1936, plaintiff with his family had resided in said City of Abilene, Taylor County, Texas, and that under paragraph No. 29, entitled Libel and Slander, of Article 1995, of the Revised Civil Statutes of Texas, the plaintiff exercised the option therein given him by law to file, and did file, this suit in the County where he resided when the grievances complained of in his Original Petition were by defendant committed, and that as provided in the aforesaid statute, this court has jurisdiction of this case and that venue is properly laid in Taylor County, Texas."

It will be observed that plaintiff alleges in quoted paragraph one "this is a civil libel suit brought by plaintiff against said defendant" and in paragraph two that plaintiff resided in the county where the suit was filed "at the time of the accrual of said cause of action." The reference to plaintiff's petition is restricted by him to the sole purpose of "showing that this

is a civil libel suit." No fact alleged in the petition is made a part of the controverting affidavit nor sworn to in the verification of the controverting affidavit. It is obvious that no facts are alleged in the controverting affidavit showing that plaintiff was libeled. If Subd. 29 of Art. 1995, and Art. 2007, as interpreted by our courts, require such facts to be alleged, as showing the "venue fact" of libel, the controverting affidavit is manifestly insufficient. We think the law with reference thereto is correctly announced in Thompson v. Duncan, Tex.Civ.App., 44 S.W.2d 508, 509, as follows: " * * * the burden rested upon plaintiff to allege and prove * * * a cause of action * * * in other words, that he had been libeled * * * and at the time resided in the county where he filed the suit. To bring the instant case within the exception to exclusive venue provided in subdivision 29, plaintiff should have alleged in his contesting plea these essential facts, and made proof of same * * *."

Our conclusion, we think, finds support in the decision of our Supreme Court in Jefferies v. Dunklin, 115 S.W.2d 391, 393, wherein Justice Critz said: "Under the plain terms of the above statute [Art. 2007], the controverting plea of the plaintiffs is, and must be, a sworn pleading. Also, under the plain terms of such statutes, such controverting plea must set out specifically the fact, or facts, relied on by the plaintiff to establish venue in the court where the case is pending. In this connection, the statute unquestionably contemplates that the controverting plea constitutes the pleadings of the plaintiff on the issue of venue, and such plea must allege all the facts that are necessary to be proved to sustain the venue in the court where the suit is filed. The statute puts the burden on the plaintiff to plead in his controverting plea, and to prove, the facts which will sustain the venue in the court where the suit was filed. Compton v. Elliott, 126 Tex. 232, 88 S.W.(2d) 91. An examination of the controverting plea filed by the plaintiffs in this case will disclose that it neither directly nor indirectly makes the petition in such case a part thereof. Such controverting plea must therefore be tested by its own allegations, unaided in any way by the petition. Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.(2d) 347. When we test this controverting plea by its own terms or allegations, unaided by the petition, we find that it amounts to nothing, because it fails utterly to allege a cause of action against defendant in Tarrant county."

Our decision that it is necessary in a civil libel suit for plaintiff in a controverting affidavit to allege and on a hearing prove facts showing he was libeled by defendant and that at the time he was so libeled he was a resident of the county wherein he filed his suit, also, finds support in the following authorities: Independent Life Ins. Co. v. Hogue, Tex.Civ.App., 70 S.W.2d 629, 631; American Pub. Co. v. Rogers, Tex.Civ.App., 65 S.W.2d 801, 804; 27 Tex. Jur. 718; World Co. v. Dow, 116 Tex. 146, 287 S.W. 241, 242; Jones v. Hickman, 121 Tex. 405, 48 S.W.2d 982; Jones v. Womack-Henning & Rollins, Tex.Civ.App., 53 S.W.2d 635, 636; Highway Motor Freight Lines v. Slaughter, Tex.Civ.App., 84 S.W. 2d 533, 538; American Fruit Growers v. Sutherland, Tex.Civ.App., 50 S.W.2d 898, 900; Commercial Standard Ins. Co. v. Lowrie, Tex.Civ.App., 49 S.W.2d 933, 937, writ refused; James v. Lavere, Tex.Civ. App., 95 S.W.2d 1371, 1372; Gulf Ref. Co. v. Lipscomb, Tex.Civ.App., 41 S.W.2d 248, 249; Jacobson v. Berwick, Tex.Civ.App., 289 S.W. 1035; Gholson v. Thompson, Tex. Civ.App., 298 S.W. 318; Bender v. Kowalski, Tex.Civ.App., 13 S.W.2d 201; Fidelity & Deposit Co. v. Locke, Tex.Civ.App., 12 S.W.2d 646; Bledsoe v. Lindsey, Tex. Civ.App., 104 S.W.2d 71; 43 Tex.Jur. 856; Texas Law Review, vol. 13, p. 217.

It has been determined, under subd. 9 of Art. 1995, that when a plaintiff in a suit for damages based on a crime or trespass seeks to avoid a transfer of the case upon defendant's plea of privilege, he must allege in his controverting affidavit and prove facts showing the actual commission of the crime or trespass and that it was committed in the county where the suit was filed. Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91; Id., Tex.Civ.App., 55 S.W.2d 247; Waco Cotton Oil Mill v. Walker, Tex.Civ. App., 103 S.W.2d 1071, 1072. Likewise, it has been determined, under subd. 23, of Art. 1995, that plaintiff must allege and prove facts showing a cause of action against the defendant private corporation and that such cause of action, or part thereof, arose in the county where the suit was instituted. Stone Fort National Bank v. Forbess, 126 Tex. 568, 571, 91 S.W.2d 674; Texas Coca-Cola Bottling Co. v. Kubena, Tex.Civ.App., 90 S.W.2d 605. There is

no real ground for distinction in the necessity, way and manner of alleging and proving that a cause of action "arose" in the county where the suit was instituted (subd. 23, Art. 1995), and that a cause of action "accrued" at a time when plaintiff resided in the county in which the suit was filed, (subd. 29, Art. 1995). In both instances the essential elements of the cause of action must be both alleged and proved. Nor is there ground for distinction in holding, under subdivision 9, Art. 1995, that the actual commission of a crime and that it was committed in the county of the suit is necessary to be alleged and proved, and a holding, under subd. 29, that it is necessary to allege and prove facts showing defendant was libeled and that when libeled he resided in the county of suit.

It has been determined in a suit to recover a penalty for usury, under Art. 5073, which provides that such suit may be brought "in the county of the defendant's residence, or in the county where such usurious interest shall have been received or collected, or where said contract has been entered into, or where the parties who paid the usurious interest resided when such contract was made" that, upon the filing of defendant's plea of privilege, "the burden was on the plaintiff both to allege and to prove as venue facts one of the following: (1) That the defendant's domicile was in Young county; (2) that usurious interest was received or collected in Young county; (3) that the usurious contract was entered into in Young county; (4) that the party who paid the usurious interest resided in Young county when the contract was made." Universal Credit Co. v. Dunklin, 129 Tex. 324, 105 S.W.2d 867, 868.

In other words, if the defendant did not reside in the county where the suit was filed, notwithstanding that the nature of the suit was one for penalty for collection of usurious interest (which fact is shown conclusively and exclusively by the petition), the fact of the receipt or collection of usurious interest in the county of suit, or the fact that a usurious contract was there entered into, or the fact that usurious interest was actually paid by plaintiff and that he resided in the county of suit when the usurious contract was made, must be alleged and proved. Ballard v. Shock, Tex. Civ.App., 91 S.W.2d 385; Art. 5073. The same reasoning that required the allegation of such facts and proof thereof in the above cases, we think, required allegation

of facts showing plaintiff was libeled (as a "venue fact") and at the time he was so libeled plaintiff resided in Taylor County, where he filed and desired to maintain the suit. If he were required to prove the fact of defamation he was required to allege facts showing defamation. Allegation and proof of venue facts are made in the ordinary way. Compton v. Elliott, supra.

■ Plaintiff's allegation that a cause of action accrued is not an allegation of a specific fact required by Art. 2007. It is but a general conclusion of law not based on any specific allegation of facts contained in the controverting affidavit, or made a part thereof by adoption of such allegations in plaintiff's petition. Duffy v. Cole Pet. Co., 117 Tex. 387, 5 S.W.2d 495; Hudgins v. Hansbro, Tex.Civ.App., 11 S.W.2d 607; Bender v. Kowalski, Tex.Civ.App., 13 S.W.2d 201; Fidelity & Deposit Co. v. Locke, Tex.Civ.App., 12 S.W.2d 646; 43 Tex.Jur. 814; Bramblett v. Roby State Bank, Tex.Civ.App., 67 S.W.2d 450; Texas Acceptance Corp. v. Strickland, Tex. Civ.App., 91 S.W.2d 1179.

We do not agree that the two last cited cases should be overruled.

It appears from the record that the court and plaintiff were of the opinion that to show venue in Taylor County it was only necessary for plaintiff to show, by his petition, that the suit was for libel and that at the time plaintiff *alleged* he was libeled he resided in Taylor County. Notwithstanding this view, plaintiff attempted to prove that he was libeled. Such proof was excluded. The trial court and plaintiff apparently find support for such opinion in Houston Printing Co. v. Tennant, Tex.Civ. App., 76 S.W.2d 762, and possibly other opinions of the same great court. The writer thinks said opinion is susceptible of such interpretation, (which, of course, would exclude the necessity of allegation and proof of facts showing defendant was actually libeled at a time when he resided in Taylor County). If said decision should be so interpreted we are not in accord therewith. We think the contrary rule announced by the Dallas and other courts is correct. Except as herein stated, we are in accord with the conclusions expressed in the opinion by Judge FUNDERBURK on motion for rehearing. The foregoing conclusions are in accord with our decision in Thomas L. Blanton v. Clyde L. Garrett et al., 124 S.W.2d 451, decided November

11, 1938, in which case, however, there was no question of the sufficiency of the allegations in the controverting affidavit.

There being neither allegation nor proof of facts showing plaintiff was libeled while he resided in Taylor County, the judgment must be reversed and the cause remanded.