## MARTIN v. REID.

No. 2581.

Court of Civil Appeals of Texas. Eastland.

March 7, 1947.

Brooks, Duke & Templeton, of Abilene, for appellant.

Scarborough, Yates & Scarborough, of Abilene, for appellee.

GRISSOM, Chief Justice.

This is a suit for damages brought by Reid against Martin. Plaintiff alleged that Martin drove his car "across the street from the plaintiff's place of business in Taylor County, Texas, and got out of it and left it without having a brake on it or being set in gear"; that plaintiff operated a filling station in Taylor County, and defendant stopped his car across the street from plaintiff's station and left it without an attendant; that defendant's automobile rolled across the street and struck plaintiff, who was working at his station, and caused the injury complained of. Martin, who resides in Jones County, filed a plea of privilege asserting the right to be sued there. Reid filed a controverting affidavit, made his petition a part thereof, and asserted the right to maintain the suit in Taylor County under exception 9, Art. 1995. Plaintiff's controverting affidavit was substantially a repetition of his petition, and he again alleged that defendant stopped his car "across the street from the plaintiff's filling station". Plaintiff alleged that defendant was negligent in leaving his car unattended, without having the brakes applied, and without having "placed his car in gear". The controverting plea concluded that venue was properly laid in Taylor County under exception 9, Art. 1995, because the alleged acts amounted to active negligence and a crime within said exception. The

Court overruled Martin's plea of privilege to be sued in Jones County, and he has appealed.

There is no conflict in the evidence. The evidence shows that defendant left his car on some "drive" near plaintiff's filling station in Taylor County, and while plaintiff was working on an automobile at his station, defendant's car, unattended, rolled across the street and struck plaintiff. After the accident plaintiff was visited in the hospital by the defendant, and he there stated to plaintiff that it was his car that injured plaintiff; that he parked it "over there"; that he did not leave it in gear, but "I think I had the brakes on". Only plaintiff and his employee at the filling station testified. They both referred to the "drive" near plaintiff's station, but did not otherwise identify it. Apparently the place referred to is either a private driveway or a driveway in front of some place of business "across the street" from plaintiff's station. There is no indication that the "drive" is in fact a public street or highway.

The act of the defendant in leaving his car unattended on a driveway near plaintiff's station without setting the brakes or placing the car in gear does not constitute a trespass, within the meaning of exception 9, Art. 1995. Plaintiff's pleadings and proof show only an omission to perform a duty and do not show a case of active, as distinguished from passive, negligence. The judgment cannot be sustained on the theory, therefore, that there is allegation and proof from which the court could, and presumably did, find that defendant was guilty of a trepass in Taylor County. Metzger Dairies v. Wharton, Tex. Civ.App., 113 S.W.2d 675, 677; Bettis v. Rayburn, Tex.Civ.App., 143 S.W.2d 1011; Lee v. Caldwell, Tex.Civ.App., 125 S.W.2d 619; Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645, 646; Connor v. Saunders, 81 Tex. 633, 17 S.W. 236; McCrary v. Coates, Tex.Civ.App., 38 S.W.2d 393.

Art. 799, P.C., provides that any person who has charge of a motor vehicle and allows it to stay in "any public street or highway unattended without first effectively setting the brakes * * * shall be fined not exceeding one hundred dollars". This is the criminal statute under which plaintiff contends he showed the commission of a crime by the defendant in Taylor County under exception 9, Art. 1995. There is no evidence that the place where defendant is alleged to have left his car unattended without setting the brakes was a public street or highway. Without such proof the court could not have found that Martin committed a crime in Taylor County. On the contrary, the evidence indicates that the "drive" was not a public street or highway. Clearly the plaintiff has failed to show the commission of a crime by the defendant in Taylor County. Compton v. Elliott, 126 Tex. 232, 241, 88 S.W.2d 91; A. H. Belo Corporation v. Blanton, Tex.Civ. App., 126 S.W.2d 1015, 1024; Id., 133 Tex. 391, 129 S.W.2d 619, 622; Art. 799, P.C.

The judgment overruling defendant's plea of privilege is reversed and the cause ordered transferred to the District Court of Jones County, Texas. Reversed and rendered.