Morriss, Morriss, Boatwright & Lewis, San Antonio, Will A. Morriss, Jr., San Antonio, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was charged by complaint with a violation of Article 734b of Vernon's Ann.Penal Code, which is in part as follows:

"Section 1: 'It shall be unlawful for any person to perform any of the operations of, or engage in the practice or occupation of, a * * * cosmetologist * * * unless such person shall have first obtained a certificate of registration, and/or license as provided under this Act : * * *.'

"Section 3(b)' 'Any person who with hands or mechanical or electrical apparatus or appliances, or by use of cosmetological preparations, antiseptics, tonics, lotions, or creams, engages in or performs any one or combination of the following practices, to-wit: cleansing, beautifying, or any work

of the scalp, face, neck, arms, bust, or upper part of the body, or manicuring the nails of any person, shall be construed to be practicing the occupation of a cosmetologist.' "

The complaint contains three counts, the language of each is practically identical and neither alleges the acts performed or the persons upon which he practiced cosmetology. They merely plead conclusions. The evidence introduced names three different occasions and three different persons and, in each instance, it is said that he used a cream to remove the makeup on the face, then an oil, and that he massaged the muscles of the face.

It will not be necessary to discuss the defects in the complaint. Appellant was not given notice of the acts charged against him, as required by Article 414, Vernon's Ann.C.C.P. The question involved is thoroughly discussed in Blumberg v. State, 144 Tex.Cr.R. 200, 161 S.W.2d 1082 and De Santiego v. State, 146 Tex.Cr.R. 394, 176 S.W.2d 175.

The judgment of the trial court is reversed and the prosecution is ordered dismissed.

## JONES v. PACIFIC FINANCE CORPORATION et al.
### No. 4686.

Court of Civil Appeals of Texas. El Paso.
Oct. 26, 1949.

George M. Kelton, Odessa, for appellant.

Irion, Cain, Bergman & Hickerson, Dallas, W. O. Shafer, Odessa, for appellees.

SUTTON, Justice.

This is an appeal from an order of the District Court of Ector County sustaining exceptions to a controverting affidavit to a plea of privilege and sustaining the plea of privilege.

Walter Rese Jones sued Gene T. May, d/b/a May Motor Company, and Pacific Finance Corporation to recover damages for the alleged conversion of an automobile. The defendant, Pacific Finance Corporation in due form and time filed its plea of privilege claiming its right to be sued in Dallas County. The plaintiff in due time filed his controverting affidavit. The Court set a time to hear the same. The Finance Cor-

poration filed what is designated as its "Motion to Over-rule Plaintiff's Controverting Plea". The grounds were that the controverting plea does not allege facts nor grounds sufficient to sustain venue in Ector County, either within itself or by reference to any other instruments; that no facts nor grounds are sworn to that will sustain venue in Ector County in that the oath is not broad enough to include any such facts or grounds; and that the controverting plea is not sworn to as required by law because it purports to have been sworn to before his attorney of record, which is no oath at all. On the hearing of this motion the Court sustained the same and thereupon sustained the plea of privilege and ordered the case as against such defendant transferred to Dallas County. From that order this appeal is prosecuted. The appellee has filed no brief.

The controverting affidavit denied all the allegations contained in the plea of privilege; referred to the original petition and adopted it for all purposes; set out in substance certain allegations of the petition, and then in paragraph 4 of the controverting affidavit alleged: "Such allegations show and aver, and it is a fact, that a portion of said cause of action arose in Ector County, Texas; that defendant Pacific Finance Corporation is, and was at the time of the acts complained of in said petition, a private corporation, maintaining an agency in Ector County, Texas, at the time said cause of action arose, within the meaning of Exception 23, as amended, Acts 1943, 48th Legislature, of Art. 1995, Vernon's Ann. Civ. Statutes."

The affidavit is, omitting certain formal parts, that Walter Rese Jones on his oath stated "that he is plaintiff in the above entitled and numbered cause, and that the allegations, denials, and facts set out in the foregoing controverting plea are true and correct." It is subscribed and sworn to before George M. Kelton, Notary Public, Ector County.

It will be noted the controverting plea itself alleged grounds set out in Subdivision 23 of art. 1995, supra. It must follow as a matter of course that is all that is required so far as the pleading is concerned

and it has been so held, A. H. Belo Corp. v. Blanton, Tex.Civ.App., 126 S.W.2d 1015, at page 1021, bottom of last paragraph (2-4).

The affidavit is obviously sufficient.

It is our conclusion the trial court erred in sustaining the exception to the controverting affidavit and plea and in sustaining the plea of privilege based on the action had on the exceptions. The judgment of the trial court is reversed and the case remanded for a trial on the issues arising on the plea of privilege and controverting affidavit.

PRICE, C. J., and McGILL, J., concur in the disposition of this case.