D. SULLIVAN & CO. ET AL. v. G. CRANZ ET AL.

Decided June 7, 1899.

1. **Subrogation—Promissory Note—Indorsement—Agency.**

Where plaintiff was entitled to the benefit of the note sued on by virtue of subrogation, it was not necessary for him to prove the authority of the agent who indorsed it to him for the owner.

2. **Payment—Trust—Vendor's Lien Notes.**

Vendor's lien notes received on sales of parcels of mortgaged property, which were set apart as a fund for the payment of the mortgage by the joint vendors, who divided the remainder of the land between them, did not become a trust fund so as to entitle one who acquired an interest in the parcel of land set apart to one of the vendors, to insist that a purchaser of such notes at a discount from both vendors after such interest was acquired, and who knew the facts, shall apply the face value thereof to the payment of the mortgage in exoneration of such parcel, where they were not actually appropriated or deposited to be applied on the mortgage, and the terms of sale contemplated only the application of the purchase price to the mortgage.

3. **Evidence—Notice to Produce—Presumption.**

Where no notice to produce a written agreement has been given to a party, no unfavorable presumption is to be indulged against him because of its nonproduction.

APPEAL from Bee. Tried below before Hon. JAMES C. WILSON.

*Hill & Dougherty* and *Ogden & Terrell,* for appellants.

*Dugat & Mims* and *Beasley & Flournoy,* for appellees.

JAMES, Chief Justice.—This suit was brought by G. Cranz and E. B. Kessler against appellant and others, to recover against Frank Russek a personal judgment for $3000 and interest, and against all defendants for foreclosure of lien on certain lands.

A general statement of the nature of the case may be given as follows: F. O. Skidmore and wife gave a deed of trust on 4198 acres of land to the American Freehold Land Mortgage Company to secure a note for $15,000. They sold the land to Joseph and Frank Russek (they giving a vendor's lien note for $11,908, which was the amount of the balance then due on the note of $15,000, and which was deposited as collateral therefor), who proceeded to sell portions of this land and lands subject to other mortgages known as the Thornton mortgage and Malone mortgage until they had in hand vendor's lien notes amounting to some $34,-000. There remained of the land mortgaged to said mortgage company about 1749 acres, after these sales. These notes were sold by Frank and Rosina Russek to Cranz and Kessler for the sum of $25,000, under an agreement with Kessler that said sum of $25,000 should be applied to pay off the Thornton and Malone mortgages and the balance remaining to the mortgage in question, leaving a balance thereon of $6000; this agreement also provided for a sale by the estate of Joseph Russek (who had died) to Kessler of certain lands, in consideration whereof Kessler was to pay off the estate's half of said balance of debt, viz., $3000; this deed was made to Cranz & Kessler, embracing land included in the mortgage in question. Cranz & Kessler applied the $25,000 as agreed, and also paid the $3000 above indicated, and Frank Russek being unable to pay the other $3000 as he had agreed to do, they paid it also, and took a transfer of the note and brought this suit against Frank Russek for same and to foreclose the lien on the part of said 1749 acres (some 750½ acres) that had been set apart to him, in which portion the appellants had become interested under Frank Russek.

The details of the evidence so far as necessary will be given in connection with the assignments.

The court for conclusions of fact in this case adopts the conclusions of fact filed by the trial judge, as they appear in the record.

*Conclusions of Law.*—1. There is no merit in the first assignment. If there be any force in the contention that plaintiff failed to prove that the person who appears, as attorney in fact for the mortgage company, to have indorsed the note sued on to Kessler, was authorized to do so, still plaintiff's right to sue upon the note was clear without any assignment, the facts showing plaintiffs entitled to the benefit of the note against Frank Russek by subrogation.

2. The principal question on this appeal is whether or not, under the

facts, Kessler was bound by virtue of his relation to the $34,000 of notes to apply them to the full amount of their face value to the payment of the several mortgages, which would have discharged them all, including the one in question. There is no theory upon which to sustain the positions taken by appellants upon this question, except by placing Kessler in the attitude of a trustee in respect to said notes, in such manner that he would not be permitted to deal with them, or by showing that in his dealings with the Russeks he had assumed to pay the note sued on. In our opinion the evidence does not show that he was ever so situated.

Briefly stated, the facts are these: After Joseph Russek's death, his widow Rosina took his estate as community survivor, and Kessler managed her affairs under a power of attorney, which provided that if, after the estate was fully administered, there remained any property, Kessler was to have one-half thereof for his services. Mrs. Russek married Frank Dudek, who qualified as administrator of the estate. On February 19, 1891, while she was a widow, they, Frank Russek and Rosina Russek, having on hand $34,000 in vendor's lien notes from the sale of mortgaged lands, and about 1749 acres of land left of the land mortgaged to the American Freehold Land Mortgage Company, divided this land between them, Rosina Russek getting 999 acres and Frank Russek 750 acres, of equal value, and at the same time the $34,000 of notes were set aside as a fund for the payment of the several mortgage liens. The evidence shows that this was simply an understanding or agreement between Rosina and Frank Russek as to the destination or application of these notes. The note remained as theretofore, in the joint possession and control of Frank and Rosina Russek, the latter represented by Kessler. Afterwards, the lands having depreciated in value and one or more of the mortgage debts being pressed, and money not being available on the notes as expected, Kessler or Kessler & Cranz bought them for $25,000 from Frank Russek and the estate of Joseph Russek, agreeing, as already stated, to apply this sum in a certain manner, which was done.

We utterly fail to comprehend why, under these circumstances, Frank Russek and the estate of Joseph Russek had not a right to dispose of the notes as they pleased. They had not parted with them, nor placed them beyond their control in any respect. They were not actually appropriated or deposited, to be applied to the payment of the mortgages. No trust in regard to them was created, and consequently no trustee. The understanding or agreement they had between themselves setting aside the notes as a fund for the payment of the several debts, effected no change whatever in the ownership, possession, or control of the notes, and in our opinion, as doubtless in the opinion of the district judge, their sale to Kessler of these notes stands as though a stranger had bought them.

There is some effort made by appellant, as we understand, to show that it ought to be concluded, that at the time of the partition deeds between Frank and Rosina Russek, an agreement, which was shown to have been then entered into, and not offered in evidence by plaintiff, in reference to the vendor's lien notes, imposed an obligation upon Kessler, or

Kessler assumed some obligation with reference to the said $34,000 notes inconsistent with his present attitude, and for the nonproduction of the agreement, he ought not to be permitted to assert any claim against plaintiffs in error. Such a written agreement was shown to have been made, and plaintiffs, through the attorney who drew it and others, undertook to prove its contents by parol, the original not having been looked for and not on hand at the trial, but this, upon objection of defendants, was not allowed. No notice had been given defendants to produce the agreement. Under the circumstances we think no such presumption as contended for should have been indulged; and without indulgence in such presumption there is no evidence that would warrant any conclusion that the testimony failed to disclose.

Much is said also in the brief of appellants about a finding of fact of the district judge to the effect that the half interest conveyed by Rosina Russek to Kessler in lands, at or about the date of the partition deeds and the agreement as to the $34,000 notes being a fund for the discharge of the mortgage debts, was surrendered or abandoned by Kessler in favor of the estate of Joseph Russek, the consideration therefor having failed. We do not perceive that this finding has any effect in the case. Whether he surrendered such claim or not is immaterial where the conclusion was reached, as it must have been by the trial judge, that Kessler did not in any manner assume the relation of trustee, or assume the payment of the debt sued on.

What has been said practically disposes of the second, third, fourth, fifth, seventh, ninth, tenth, eleventh, twelfth, and thirteenth assignments.

3. The fact which the sixth assignment insists should have been found would not have added anything to appellants' case, in view of what has been held above.

4. The fourteenth assignment is that the court erred in not decreeing that the lands partitioned to Frank Russek, and which had not been sold by him to any of the defendants, should be sold before resort could be had to the lands purchased by defendants from him. The statement under this assignment shows the point to be that, adding the different tracts ordered to be sold in a certain order in the decree, they did not sum up 750½ acres, the amount of the land shown to have been partitioned to Frank Russek and included in the deed of trust sought to be foreclosed, and therefore some land was omitted. So far as we are able to discern from the decree, the tracts amount to 750½ acres; and further, it is not made to appear that any land was omitted which appellants were entitled to have exhausted before a sale of land in which appellants were interested.

The fifteenth assignment charges that the court did not order the lands to be sold in the inverse order of alienations. The parts or tracts of the 750½ acres referred to in the statement under this assignment, as sold by Russek, make it appear that the court observed the above rule. This clearly appears to be so from an examination of this statement in connection with the statement in appellants' brief under the fourteenth assign-

ment. But from the argument under the assignment we are now considering, it is apparent that appellants really rely on a matter foreign to the assignment, and one to our mind wholly untenable.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

We think it proper to discuss certain matters referred to in this motion. It is contended that appellants' right under Russek having accrued prior to the sale of the vendor's lien notes to Kessler, the sale and the agreement connected therewith did not affect appellants, they not being parties to the transaction. We have given our reasons for concluding that the previous understanding between Russek, Mrs. Russek, and Kessler, her agent, concerning the application of the notes to the several mortgage liens, was not a completed appropriation of the notes for that purpose. This being so, and there being nothing to show that appellants were led to believe, in dealing with the property of Frank Russek, that the notes had been so appropriated, there was nothing in the way of Russek and Mrs. Russek disposing of them as they pleased.

It is also contended that the court erred in admitting in evidence the agreement of June 26, 1893, whereby the notes were sold to Kessler for $25,000, and providing for the application of this sum to the Thornton and Malone mortgages first and then to the mortgage in question, for the reason that appellants were not parties to such agreement and were not bound thereby. It should be borne in mind that the land in question had been partitioned to Frank Russek before appellants' rights arose. It was as to the mortgagee subject to the entire mortgage, but as between Frank Russek and Rosina Russek, it was subject to one-half thereof. The persons to whom parts of the mortgaged land had been sold and warranted were entitled to have what remained unsold subjected first to the mortgage. If Frank Russek and Rosina Russek had frittered away the vendor's lien notes, the land in which appellants have an interest would have been liable to be sold to satisfy the entire mortgage before any of the property that they had sold off. In this view of the case we can not see how appellants were prejudiced by an agreement which was beneficial to them, in providing for a material payment on the mortgage. We think the agreement was admissible for another reason: it was the instrument that evidenced and fixed the extent of plaintiffs' right of subrogation in reference to the mortgage debt paid off by them.

We think the motion should be overruled.

*Overruled.*

Writ of error refused.