U. S. FIDELITY & GUARANTY COMPANY V. C. W. GARRETT.

No. 6884.  Decided June 9, 1937.
(105 S. W., 2d Series, 868.)

*Seay, Malone & Lipscomb* and *Tarlton Stafford,* of Dallas, for plaintiff in error.

Where the plea in bar based upon the execution and delivery by the defendant in error of a compensation settlement receipt was excepted to upon the sole ground that there was no allegation that such compensation settlement receipt had been approved and made final by the Industrial Accident Board, the error, if any, in the court's overruling such exception was rendered harmless by the jury's finding that there was no valuable consideration for the execution and delivery of such receipt. Postal Saving & Loan Assn. v. Powell, 47 S. W. (2d) 343; Coleman v. Miller, 19 S. W. (2d) 829; Gulf, C. & S. F. Ry. Co. v. Dunman, (Com. App.) 27 S. W. (2d) 116; 4 C. J. 928.

*John W. West, J. A. Carlisle* and *J. M. Willis,* all of Dallas, for defendant in error.

A compensation claimant and compensation insurance carrier can not settle for injuries sustained by an injured employee independently of the Industrial Accident Board, nor can an injured employee by dealing with the carrier of compensation insurance independently of the intervention of the Industrial Accident Board put himself in that position where he may be barred and estopped from claiming the compensation due him under the law. Indemnity Ins. Co. of N. A. v. Murphy, 53 S. W. (2d) 503; Petroleum Casualty Co. v. Lewis, 63 S. W. (2d) 1066; Texas Emp. Ins. Assn. v. Knouff, 271 S. W. 633.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

While in the course of his employment with the Texas Company defendant in error, C. W. Garrett, on August 31, 1931, received certain injuries. Plaintiff in error, Fidelity & Guaranty Company, was the compensation insurance carrier. On October 2, 1931, Garrett signed what is termed a "Compensation Settlement Receipt," and was paid the sum of $22.16. This instrument purported to acknowledge payment in full of compensation for all injuries sustained by him on August 31, 1931. Later Garrett filed his claim for compensation with the Industrial Accident Board. After due notice and hearing, both upon the claim for compensation and the matter of approval of the receipt, the Board entered its findings and award on June 7, 1932. Upon the matter of approval of the receipt, the order of the Board is as follows:

"That United States Fidelity & Guaranty Company confessed

liability and made payments of compensation in the total sum of $22.16, in consideration of which C. W. Garrett made, executed and delivered a certain receipt to United States Fidelity & Guaranty Company, and to the extent said payment discharged the liability of said United States Fidelity & Guaranty Company it is now accorded approval of the Board."

The Board then in the same order proceeded to allow compensation for an indefinite period at the rate of $13.85 per week.

Both parties being dissatisfied with the action of the Board, gave notice of appeal, and in due time defendant in error Garrett filed this suit in the district court to set aside the award and to recover compensation in a lump sum. He will hereinafter be referred to as plaintiff. Plaintiff in error timely filed answer and cross action. It will hereinafter be referred to as defendant. In its answer defendant set up the settlement receipt of October 2, 1931, as a complete bar to plaintiff's action for compensation. Both parties pleaded the action of the Industrial Accident Board of date June 7, 1932, but in its answer defendant did not formally allege that the settlement receipt referred to had been approved by the Industrial Accident Board.

The case was tried before a jury and among other things the jury found that the receipt of October 2, 1931, was executed and delivered by plaintiff without any valuable consideration. The jury made findings in favor of plaintiff for 18 weeks total disability and 22 weeks partial disability, and judgment was entered in favor of plaintiff upon these findings; the court allowing a credit for the $22.16 paid on October 2, 1931.

Plaintiff appealed to the Court of Civil Appeals and that court overruled all assignments except one, but reversed and remanded the cause on an assignment to the effect that the trial court erred in not sustaining a special exception to defendant's pleading setting up the settlement receipt as a bar to plaintiff's right to compensation. 77 S. W. (2d) 1066. Justice BOND filed dissenting opinion. Defendant's sole contention is that the Court of Civil Appeals erred in sustaining the assignment mentioned and in reversing and remanding the cause on that ground, asserting that the judgment of the trial court should have been affirmed.

1 The special exception mentioned is not contained in the transcript. It is referred to in motion for new trial as being contained in plaintiff's second supplemental petition. There is no such pleading in the transcript. There is a recital in the judgment that all special exceptions contained in plaintiff's supplemental petition were overruled. In statement under his

proposition in the Court of Civil Appeals plaintiff does not bring forward this special exception, evidently because there was nothing in the transcript by which it could be identified. It was undoubtedly the duty of plaintiff to have the record corrected, if this pleading actually existed, prior to the submission of the cause in the Court of Civil Appeals. Houston & T. C. Ry. Co. v. Parker, 104 Texas 162, 165, 135 S. W. 369.

2 However, notwithstanding the failure to have the question properly before the Court we have concluded that if there were error in failing to sustain the special exception mentioned on the ground urged (which we do not decide), such error was harmless. It is obvious that the Industrial Accident Board did not approve the receipt of October 2, 1931, as a settlement of the compensation claim, but only approved it as a receipt of payment upon the award made. This is the only effect which the trial court gave it, and there is no complaint that there was error in allowing the $22.16 as a credit. The receipt was offered in evidence without any objection whatever, and in our opinion Justice BOND in his dissenting opinion has clearly shown that the mere failure to sustain the special exception did not in any manner prejudice the rights of plaintiff as regards his compensation claim.

We have given careful consideration to all other assignments presented by plaintiff in his brief in the Court of Civil Appeals and are of the opinion that the Court of Civil Appeals has correctly disposed of same. Indeed we are of the opinion that most of these assignments could have been properly overruled on other grounds than those stated by the Court.

As the Court of Civil Appeals remanded the cause upon one ground only, and as the Court in that respect erred, the judgment reversing and remanding the cause is reversed, and the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court June 9, 1937.