## LONGHORN DRILLING CORPORATION v. PADILLA.

### No. 1980.

Court of Civil Appeals of Texas. Eastland.
Feb. 9, 1940.

from the State Highway Commission showing a receipt from the tax collector of Live Oak County, dated March 14, 1938 for a 1938 license on a 1937 truck with license No. 129-420, showing the then owner to be "Longhorn Drilling", and on May 1, 1938, an additional license fee was paid on said truck by "Longhorn Drilling Co.", and the testimony of a witness to the accident that the truck which struck the child, on June 15, 1938, bore said license number.

Defendant contends plaintiff wholly failed to meet the burden of proof required of her to establish that on June 15, 1938 defendant (1) then owned said truck; (2) that its driver was defendant's agent, and (3) that such agent was at the time acting within the scope of his employment for defendant, and, therefore, the court erred in overruling defendant's plea of privilege. It is essential to maintain the cause of action against defendant in Nueces County not only to show a trespass committed in said county, or that a "cause of action, or a part thereof arose" there, but defendant's responsibility for such trespass, or cause of action, must also be shown. Proof of the fact of the commission of the trespass by defendant is as necessary as proof of the place of its commission. Proof of each element of the trespass must be made and the proof must be such as would support a finding for the plaintiff against the defendant. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Ballard v. Shock, Tex.Civ.App., 91 S.W.2d 385; United States F. & G. Co. v. Garrett, 129 Tex. 587, 105 S.W.2d 868; L. E. Whitham Const. Co. v. Wilkins, Tex.Civ. App., 90 S.W.2d 916; Coyle v. Shailer, Tex. Civ.App., 91 S.W.2d 920; 5 Tex.Jur. 774; 43 Tex.Jur. 857, 859.

."The authorities seem uniform to the effect that the owner of a car who was not present at the infliction of the injury cannot be held liable, except it be shown that the person in charge, not only was the agent or servant of the owner, but also was engaged at the time in the business of his master." Gordon v. T. & P. Merc. & Mfg. Co., Tex.Civ.App., 190 S.W. 748, 750, writ refused. Also see 5 Tex.Jur. 774. In order for plaintiff to maintain the suit in Nueces County against the defendant, among other things, she was required to prove, under the circumstances, that the truck was being driven by an agent of defendant, and that at the time of the injury he was acting within the scope of his employment. John F.

Warren P. Castle, of Dallas, and Lewright, Dyer & Sorrell, of Corpus Christi, for appellant.

J. Marvin Ericson, of Corpus Christi, for appellee.

GRISSOM, Justice.

Angelita Padilla sued Longhorn Drilling Corporation, in the District Court of Nueces County, for damages resulting from the death of her minor son who was killed as the result of being struck by a truck, alleged to have been owned by defendant and to have been driven by its agent, servant or employee while acting within the scope of his employment. From an order overruling defendant's plea of privilege to be sued in Live Oak County, the county of its residence the defendant has appealed.

Plaintiff relied upon exceptions 9 and 23 of Art. 1995, R.S.1925, for her authority for maintaining her cause of action in Nueces County. The only proof connecting defendant with the tragedy was made by the introduction in evidence of a certificate

Camp Drilling Co. v. Steele, Tex.Civ.App., 109 S.W.2d 1038.

In Brown v. City Service Co., 245 S.W. 656, 658, the Supreme Court said: "The Court of Civil Appeals [231 S.W. 140] held that the burden of proof was upon the plaintiffs to show that the driver of the automobile did the wrong while acting within the scope of his employment, and complaint of that holding is made here. The holding of the Court of Civil Appeals on that phase of the case is correct; that the driver of the automobile was acting within the scope of his employment at the time of the injury was an element of plaintiffs' cause of action necessary to their recovery." See also Renfro v. Elam, Tex.Civ.App., 117 S.W.2d 133, and Waybourne v. Plains Chev. Co., Tex. Civ.App., 125 S.W.2d 344.

In Weber v. Reagan, Tex.Civ.App., 91 S. W.2d 409, 411, Chief Justice Gallagher said: "The authorities all agree that the owner of an automobile is liable to respond in damages for injuries negligently inflicted in the operation thereof when it is shown that such automobile was being operated at the time by an employee of the owner within the scope of his employment. According to the great weight of authority, when it is shown that the defendant owned the automobile causing the injury and that the same was being operated at the time by his employee, a prima facie case is established, in the absence of testimony tending to show that such employee was not at the time acting within the scope of his employment."

■ The evidence stated did not conclusively prove ownership of the truck by defendant at the time plaintiff's child was struck. Stated differently, the tax collector's certificate showing payment of license fees on the truck by defendant on March 14, 1938 and May 1, 1938 was certainly not conclusive proof that defendant still owned the truck when it struck plaintiff's child on June 16, 1938. But "A prima facie presumption of ownership arises from the registering of the vehicle, under statutes requiring automobiles to be registered by the owner * * . *." 42 C.J. p. 750, sec. 240. "In an action for personal injuries caused by a motor vehicle, the burden is on plaintiff to establish the identity of the vehicle which caused the injury, and to show that defendant was the owner, where such facts are material to a recovery. But a presumption that a particular person is the owner may be based on the fact * * that it is registered in his name, that the tag number corresponds to the number of a car registered in his name, that he holds the license * * * But these inferences or presumptions as to ownership may be rebutted * * Under the general rule, where it is shown that a vehicle once belonged to defendant, a presumption arises that the ownership continues. While this presumption may be rebutted, ownership is presumed to continue until a change is affirmatively shown by defendant." 42 C.J. p. 1208, 1209, sec. 1007.

■ In order for plaintiff to bring her case within exceptions 9 and 23 of Art. 1995, it was incumbent upon plaintiff to discharge the burden of proof resting upon her to establish not only that a trespass was committed in Nueces County (subd. 9) and not only that a part of her cause of action against the defendant corporation arose in Nueces County (subd. 23), but she was further required to establish, under the circumstances of this case, that the truck which struck her child was owned by defendant, that its driver was an agent of defendant, and that such driver was acting within the scope of his employment at the time. John F. Camp Drilling Co. v. Steele, Tex.Civ. App., 109 S.W.2d 1038. Until the plaintiff established prima facie the liability of defendant it was not incumbent upon defendant to prove anything. "A defendant cannot be called on to produce evidence where the plaintiff has failed to bring sufficient proof to prima facie sustain his cause of action. 2 Wharton on Evidence, § 1268." Texas & P. Ry. Co. v. Shoemaker, 98 Tex. 451, 456, 84 S.W. 1049, 1052; Davis v. Castile, Tex.Com.App., 257 S.W. 870; Missouri, K. & T. Ry. Co. v. Smith, Tex.Civ. App., 101 S.W. 453; Sullivan v. Cranz, 21 Tex.Civ.App. 498, 52 S.W. 272, writ refused. Since defendant was under no duty to present evidence, no presumption can be indulged against defendant because of its failure to present evidence relative to whether or not the driver of the truck was its employee and at the time in question was acting within the scope of his employment. It has been held, under similar situations, that proof defendant was (1) the owner of the truck and (2) it was being driven by the defendant's agent or employee, authorized a presumption, in the absence of evidence to the contrary, that (3) such agent was acting within the scope of his employment. Houston News Co. v. Shavers, Tex.Civ.App., 64 S.W.2d 384, 386, writ refused; Texas News Co. v. Lake, Tex.Civ.App., 58 S.W.2d 1044, 1045, writ

dismissed; Studebaker Bros. Co. v. Kitts, Tex.Civ.App., 152 S.W. 464; Harper v. Highway Motor Freight Lines, Tex.Civ. App., 89 S.W.2d 448, writ dismissed.

However, we have in this case only the presumption of ownership of the truck by defendant, that fact being presumed from proof that prior to the accident defendant registered and paid the license fees on the truck in question. However, whether the matter of ownership be treated as resting upon a presumption or as otherwise established, the court was not authorized to presume that the driver of the truck on the occasion in question was the agent of the defendant and then to further presume that such agent was at the time acting within the scope of his employment. A presumption of fact cannot rest upon a fact presumed. But the fact relied upon to support a presumption must be proved. Green v. T. & P. Ry. Co., 125 Tex. 168, 81 S.W.2d 669, 674; Ft. Worth Belt Ry. Co. v. Jones, 106 Tex. 345, 166 S.W. 1130, 1132; Community Natural Gas Co. v. Henley, Tex.Com. App., 24 S.W.2d 10; Texas Unity Oil Co. v. Dolman, Tex.Civ.App., 8 S.W.2d 815, 817, writ refused.

From the conclusions stated, it follows we are of the opinion plaintiff failed to prove facts essential to establish her right to maintain this suit in Nueces County. It is not apparent that the case is fully developed, and, under the circumstances, we think the judgment of the trial court should be and it is hereby reversed and the cause remanded.