### BETTIS et al. v. RAYBURN et ux.

### No. 2051.

Court of Civil Appeals of Texas. Eastland.

Oct. 18, 1940.

1012

T. J. McMahon, of Abilene, and F. M. Fitzpatrick, of Waco, for appellants.

Stinson, Hair, Brooks &' Duke, of Abilene, for appellees.

GRISSOM, Justice.

Henry F. Rayburn and wife filed this suit in Taylor County against J. M. Bettis and Jimmie Oldham, residents of McLennan County, Texas, to recover damages for the death of their minor son. The defendants filed pleas of privilege to be sued in the county of their residence. The pleas of privilege were overruled and defendants have appealed.

On the night of March 19, 1939, a truck owned by Bettis and driven by his employee, Oldham (while Oldham was acting within the scope of his employment), struck J. R. Rayburn, the 19 year old son of the plaintiffs, inflicting injuries which rendered him unconscious and caused his death about two hours later.

To maintain venue of the suit in Taylor County plaintiffs relied upon Subd. 9, Art. 1995, R.S.1925, which provides: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile." The allegations of the controverting affidavits were to the effect that plaintiffs' case came within Sec. 9, Art. 1995, that is, that a crime or trespass was committed by defendants in Taylor County, as follows: (a) Because defendants' truck was not equipped with adequate brakes, kept in good working order; that said brakes were insufficient to stop said truck within a reasonable and proper distance; (b) "Because said defendants in the operation of defendants' said truck at said time and place failed to observe the road and especially J. R. Rayburn and keep a proper lookout for persons and especially the said J. R. Rayburn at said time and place and by reason thereof the said defendants struck and killed the said J. R. Rayburn." (c) Because defendants, after they "discovered the perilous condition of J. R. Ray-

burn failed to use all means at hand to prevent the striking and killing of the said J. R. Rayburn"; (d) because the driver of the truck had operated it for a period of more than 14 consecutive hours immediately prior to the collision; (e) because the defendants were operating the truck on the highway in excess of 25 miles per hour and were thereby guilty of negligence per se; (f) because defendants were operating the truck at a greater speed than 45 miles per hour, and were thereby guilty of negligence per se. (g) Because defendants were operating the truck in excess of the speed allowed by the laws of Texas "as shown by the facts on the ground in that the truck skidded on the pavement about 14 yards and traveled a distance of 107 yards after striking the person and body of J. R. Rayburn and was thereby guilty of negligence." (h) Because defendants were negligent in the operation of said truck "at said time and place in that the facts show that said truck struck the body and person of J. R. Rayburn and threw him about 44 yards and then ran over the said J. R. Rayburn with the wheels of said truck and thereby killed the said Rayburn." (i) That defendants were negligent in that "after they discovered the perilous condition of said J. R. Rayburn they failed to turn their said truck to the left in order to avoid the striking and killing of said J. R. Rayburn." (j) Because defendants failed to have adequate lights as required by law, and were thereby guilty of negligence per se. (k) Because defendants were negligent in that the driver of the truck was asleep. (l) That the defendants were negligent in that they failed to "yield to said J. R. Rayburn and undertaking to pass the said J. R. Rayburn [on] * * * that part and portion of the road or highway on which the said J. R. Rayburn was traveling at said time and was thereby guilty of negligence per se." (m) That defendants were guilty of negligence in that the driver failed to stop and render aid.

After a most careful study of the pleadings and evidence we are convinced that a finding that defendants were guilty of a crime or trespass in Taylor County, within the meaning of Subd. 9, Art. 1995, lacks support in either the pleadings or evidence, or both, except as hereinafter mentioned. As illustrative only of the reasons for such conclusion we will mention some of the acts of negligence alleged and point out wherein it appears to us that said particular ground of negligence is insuf-

ficient by reason of pleading or proof, or both, to support a finding that defendants committed a crime or trespass in Taylor County at the time of the collision. The allegations in paragraph (a) of plaintiffs' controverting affidavit that defendants' truck was not equipped with adequate brakes kept in good working order, if sufficient as an allegation of a trespass (and we think it is not), is wholly without support in the evidence. The same is true of the allegation in paragraph (d) that the driver of the truck had operated it consecutively for a period of more than 14 hours immediately prior to the collision, the allegation in paragraph (j) that the defendants failed to have adequate lights, and the allegation in paragraph (k) that the driver of the truck was asleep. The allegation in paragraph (c) that after defendants discovered the perilous condition of Rayburn, they failed to use all means at hand to prevent striking and killing him, if sufficient as an allegation of trespass, does not authorize a finding of trespass, because there is no evidence that the driver of the truck discovered the perilous position of Rayburn. It is essential that plaintiffs establish that Oldham actually discovered the peril deceased was in; it is not sufficient to show that he should have done so. Thurmond v. Pepper, Tex.Civ.App., 119 S.W.2d 900, 904; Texas & P. Ry. Co. v. Breadow, 90 Tex. 26, 36 S.W. 410; Morgan & Bros. v. M., K. & T. Ry. Co., 108 Tex. 331, 334, 193 S. W. 134; San Antonio & A. P. Ry. Co. v. McMillan, 100 Tex. 562, 102 S.W. 103. (The evidence is to the effect that the driver of the truck did not see Rayburn or his companion. The real controversy in the testimony in this particular was whether or not Oldham's failure to see Rayburn and his companion as they rode along the highway on their bicycles was due to the fact that Oldham was blinded by the glare of the headlights of automobiles going east on the highway at the time of the collision. This was disputed.) This statement is equally applicable to the allegation in paragraph (i).

From plaintiffs' brief it appears they rely largely on the allegations in paragraph (e) to the effect that defendants were operating their truck on the highway in excess of 25 miles per hour, and that defendants were therefore guilty of negligence per se. Art. 827a, Sec. 8, P.C.1925, as amended in 1931, Vernon's Ann.P.C., provides that it shall be unlawful to operate a commercial motor vehicle, as defined in

said Act, upon the public highways of Texas at a rate of speed in excess of 25 miles per hour, when such vehicle has "either a registered or actual gross weight of over six thousand (6,000) pounds." If the evidence were sufficient to make it a question of fact as to whether or not the truck in question was being driven on the highway at, or immediately prior to, the time of the collision at a rate of speed in excess of 25 miles per hour, which is doubtful, it is evident said allegations are insufficient to bring it within the purview of Art. 827a, Sec. 8, P.C. It is merely alleged that defendants operated a truck on a highway in excess of 25 miles per hour. There is no allegation of the weight of the truck, or its contents bringing it within the statute. Such allegation is manifestly insufficient as an allegation of a crime, or as an allegation of negligence per se, or otherwise. In other words, it is not sufficient as an allegation of either negligence or crime to say that a defendant drove a truck on a highway at a rate of speed in excess of 25 miles per hour. Furthermore, we are of the opinion that the evidence does not present a question of fact as to whether or not driving the truck in excess of 25 miles per hour (if it was so driven, and if said act was negligence) was a proximate cause of J. R. Rayburn's injuries and death.

We are convinced the evidence does raise the issues that failure of the truck driver, Oldham, to keep a proper lookout was negligence and a proximate cause of Rayburn's injuries. The question then arises whether or not the allegations in paragraph (b) of the controverting affidavits that defendants failed to keep a proper lookout, and that such failure was a proximate cause of deceased's injuries and death, and evidence supporting said allegations, are sufficient to sustain a finding that defendants, or either of them, committed a trespass in Taylor County.

In Meredith v. McClendon, 130 Tex. 527, 530, 111 S.W.2d 1062, 1064, Justice Sharp said: "To deprive a defendant of the right of trial in the county of his domicile, the case filed against him must clearly come within one of the exceptions found in this statute", citing Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896. He also quoted with approval from Ricker v. Shoemaker, 81 Tex. 22, 25, 16 S.W. 645, as follows: "In the present case the alleged wrong consists in the negligent omission by the defendants' representative to do an act which it was

his duty to do. Is this a 'trespass' within the meaning of the statute? We think not. The words, 'where the crime, offense, or trespass was committed,' indicate that the word 'trespass' was intended to embrace only actions for such injuries as result from wrongful acts willfully or negligently committed, and not those which result from a mere omission to do a duty."

"A trespass within the meaning of Subd. 9, of Art. 1995, includes injuries to persons or property resulting from wrongful acts, either willfully inflicted or the result of affirmative, active negligence upon the part of the wrong doer, as distinguished from injuries that are the result of the mere omission of duty." 43 Tex.Jur. 735. Judge Smedley in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93, said: "The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove * * * are those which are stated in the particular exception of article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition." To maintain this suit in Taylor County, it was incumbent upon plaintiffs to allege and prove that Oldham committed an affirmative act of negligence, constituting a trespass, in Taylor County. A. H. Belo Corp. v. Blanton, Tex. Civ.App., 126 S.W.2d 1015, 1024; Id., 133 Tex. 391, 398, 129 S.W.2d 619; Compton v. Elliott, 126 Tex. 232, 236, 88 S.W.2d 91; Longhorn Drilling Corp. v. Padilla, Tex. Civ.App., 138 S.W.2d 164. We think an allegation of negligence to the effect that defendants failed to keep a proper lookout constitutes an allegation of passive, rather than active, negligence. It is an allegation of an omission to perform a duty, rather than an allegation of the commission of an act which it was defendants' duty not to do. Metzger Dairies v. Wharton, Tex.Civ.App., 113 S.W.2d 675; Lawless v. Tidwell, Tex. Civ.App., 24 S.W.2d 515; Lee v. Caldwell, Tex.Civ.App., 125 S.W.2d 619. Before an action can be maintained against a defendant in a county other than that of his residence under the subdivision of Art. 1995 in question, a negligent act of commission must be alleged and proved. Ricker v. Shoemaker, supra; Connor v. Saunders, 81 Tex. 633, 17 S.W. 236. This is true whether the negligence alleged and proved is negligence per se or common law negligence. It is not material whether the negligence arises from violation of a penal statute or under the common law. "Whether the negligence constitutes a trespass un-

der the venue statute is determined, in either case, by the same test; and that test, as laid down by our Supreme Court, is whether the negligence be an affirmative act or a mere omission to perform a duty." Brown v. Calhoun, Tex.Civ.App., 22 S.W.2d 757, 758. Also, see Roadway Transport Co. v. Gray, Tex.Civ.App., 135 S.W.2d 200.

We are of the opinion that the record does not disclose a case authorizing plaintiffs to maintain their suit in Taylor County under the provisions of Subd. .9 of Art. 1995. The judgment is reversed and the cause remanded.