## LYKES BROS.–RIPLEY S. S. CO., Inc., v. PLUTO.

### No. 11064.

Court of Civil Appeals of Texas. Galveston.

Dec. 5, 1940.

Rehearing Denied Jan. 9, 1941.

Royston & Rayzor, of Houston, for plaintiff in error.

Mandell & Wright, of Houston, for defendant in error.

MONTEITH, Chief Justice.

This is an appeal in an action brought by defendant in error, Edward M. Pluto, against plaintiff in error, Lykes Bros.–Ripley Steamship Co., Inc., under 46 U.S.C.A. § 688, known as the Jones Act, to recover damages for injuries alleged to have been sustained as a result of the negligent handling of a steam hose while serving as a wiper on board the S. S. Lafcoma. He also sought damages for the alleged

failure of appellant to render proper medical aid and for certain sums alleged to be due him as maintenance under the general maritime law.

For convenience plaintiff in error will be designated as appellant, and defendant in error as appellee, in this opinion.

Appellee alleged that appellant was a foreign corporation with a permit to do business in Texas and that it owned and operated the S. S. Lafcoma; that on December 21, 1935, while employed by appellant as a wiper on said vessel, he sustained severe burns by reason of the negligent acts of an engine boy which proximately caused the injuries complained of.

Appellant answered by general denial' and general demurrer and prayed for judgment.

In answer to special issues submitted, the jury found, in effect, that appellee, while on board the S. S. Lafcoma, had received burns while handling a steam hose as a result of the negligence of an engine boy in turning on the steam and that said negligence was the proximate cause of his injuries; that appellee was not intoxicated at the time he received said injuries, and that there was no failure on the part of appellant to render necessary medical aid. Damages were awarded appellee in the amount of $2,000 and judgment was rendered in his favor on said verdict.

Motions for peremptory instruction made by appellant both when appellee rested his case and before the submission of the court's charge to the jury were overruled by the court.

The controlling question presented in this appeal is whether, in the trial of the case, appellee established by sufficient evidence that he was employed by appellant, Lykes Bros.–Ripley Steamship Co., Inc., and whether the S. S. Lafcoma was owned or operated by appellant at the time appellee received the alleged injuries complained of.

Section 688, 46 U.S.C.A., known as the Jones Act, under which this action was brought, provides a method whereby a seaman, or his representatives in case of his death, may maintain an action for damages for negligent injuries received in the course of his employment.

Said Section 688 reads as follows: "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which its principal office is located."

In construing said Section 688 of this Act it has been uniformly held that an injured seaman is given a cause of action under this section only against one to whom he occupies the relationship of employee. The Norland, 9 Cir., 101 F.2d 967; Kwasizur v. Dawnic Steamship Co., D.C., 25 F.Supp. 327.

The rights of a seaman under the Jones Act are clearly defined in the recent case of Smith v. Lykes Bros.–Ripley Steamship Co., Inc., 5 Cir., 105 F.2d 604, 606, in which it is held that a seaman has three distinct rights, the first being for maintenance and care arising from his contract of employment, the second being a right of action for injuries received through the unseaworthiness of the vessel, and the third being one given him for injuries received through the negligence of his employer under the Merchant Marine Act (Jones Act), this being a right "to recover indemnity for a personal injury suffered in the course of his employment."

In order for appellee to recover herein it was incumbent upon him to discharge, by competent evidence in the record, the burden of proof resting upon him to establish, not only that he was injured, as alleged by him, but that he was an employee of appellant, Lykes Bros.–Ripley Steamship Co., Inc., or that the S. S. Lafcoma was owned or operated by appellant. Longhorn Drilling Corporation v. Padilla, Tex.Civ.App., 138 S.W.2d 164; John F. Camp Drilling Co. v. Steele, Tex.Civ.App., 109 S.W.2d 1038.

While there is evidence in the record that appellee was employed by Lykes Bros. and Lykes Bros. Steamship Co., and that

the S. S. Lafcoma was operated by subsidiaries of Lykes Bros., the record fails to show any evidence tending to prove or in reference to the employment of appellee by appellant, Lykes Bros.-Ripley Steamship Co., Inc., or that the S. S. Lafcoma was owned and operated by appellant. Further, there is no evidence in the record as to the corporate identity of appellant and there is no evidence which in any way refers to the stock ownership of the above-named companies or to a corporate relationship between appellant and any subsidiary company.

Until the plaintiff, appellee herein, has established prima facie the liability of appellant for the injuries alleged to have been sustained by him by proof of his employment by appellant, Lykes Bros.-Ripley Steamship Co., Inc., it is not incumbent upon appellant to make proof of any facts upon which it relies as a defense to appellee's cause of action. It is the established rule in this state that "a defendant cannot be called on to produce evidence where the plaintiff has failed to bring sufficient proof to prima facie sustain his cause of action. 2 Wharton on Evidence, § 1268." Texas & P. Ry. Co. v. Shoemaker, 98 Tex. 451, 84 S.W. 1049, 1052; Davis v. Castile, Tex. Com.App., 257 S.W. 870; Missouri, K. & T. Ry. Co. v. Smith, Tex.Civ.App., 101 S.W. 453; Longhorn Drilling Corporation v. Padilla, Tex.Civ.App., 138 S.W.2d 164.

Since appellant was under no duty to present evidence as to its employment of appellee, or as to its ownership of the S. S. Lafcoma, and no presumption can be indulged against it because of its failure to do so, and since no evidence was presented on these issues by appellee, these issues being ultimate and controlling issues herein, the court was not authorized to presume that appellee was an employee of appellant or to render judgment against it in favor of appellee in the absence of proof of said employment and an affirmative finding thereon by the jury.

In the instant case appellee alleged that appellant owned and operated the S. S. Lafcoma and that he was employed by appellant on said vessel. The fact of his employment by appellant being an ultimate and controlling issue herein, it was incumbent upon appellee to offer proof tending to show affirmatively the truthfulness of these allegations (Davis, Agent v. Castile, Tex.Com.App., 257 S.W. 870), and

since no proof was offered and no issue was submitted by the court for determination by the jury as to the operation and ownership of the S. S. Lafcoma or as to the employment of appellee by appellant, Lykes Bros.-Ripley Steamship Co., Inc., the trial court should have instructed a verdict in favor of appellant. Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79.

It follows that, since appellee failed to prove facts essential to establish his right to recover from appellant, and since it appears that the case was not fully developed in the trial court, the judgment of the trial court must be reversed and the cause remanded.

Other assignments brought forward have not been considered for the reason that they will, in all probability, not arise in another trial.

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.