**HEWETT v. LEPPANEN.**

No. 10868.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 29, 1941.

Rehearing Denied March 5, 1941.

R. H. Mercer, of San Antonio, for appellant.

McClanahan & Loughridge, and Norman S. Davis, all of San Antonio, for appellee.

MURRAY, Justice.

This is an appeal from an order overruling a plea of privilege filed by Claudia Blanche Hewett.

The main suit was instituted by Katie Leppanen, in the 57th Judicial District Court of Bexar County, Texas, against Claudia Blanche Hewett, seeking to recover damages resulting to her from the death of her son Nilo Waldeman Cook, allegedly run over and killed by Miss Hewett in Bexar County, Texas. Claudia Blanche Hewett filed a plea of privilege to be sued in the County of Victoria, the county of her residence.

Katie Leppanen filed a controverting affidavit alleging that, within the meaning of Exception 9 to Article 1995, Vernon's Annotated Civil Statutes, appellant, Hewett, committed a trespass in Bexar County.

After hearing evidence, the trial court overruled Claudia Blanche Hewett's plea of privilege and she has prosecuted this appeal.

The evidence shows that on the night of November 28, 1937, Claudia Blanche Hewett, accompanied by two other persons, was driving her car in a southerly direction along the highway leading from San Antonio to Pleasanton. About eleven miles south of San Antonio she struck a man by driving her automobile against him. As a result of the collision the man died. She was driving at the rate of forty-five miles per hour at the time of the collision. She saw the man on the highway only a fraction

of a second before she struck him. Just before the collision another automobile was approaching her from the south with bright lights. She was not blinded by these lights, but they did make it more difficult for her to see. She was on her own right-hand side of the highway. She did not slacken her speed as the other car approached.

Appellant contends that the evidence does not show such a trespass as will sustain venue under Exception 9, Article 1995, supra.

■■■ The decisions are clear that in order to sustain venue under said exception nine you must not only allege but prove by evidence that the defendant committed a crime, offense or trespass in the county where the suit has been filed. In the case at bar a trespass is relied upon, and in order to establish such a trespass the plaintiff must show that the injury alleged has occurred and that it was caused either by the wilful act or by the active negligence of the defendant. Douglas v. Williams, Tex.Civ. App., 83 S.W.2d 686; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Robbins v. McFadden, Tex.Civ.App., 61 S.W.2d 1032; Jones v. Womack-Henning & Rollins, Inc., Tex.Civ.App., 53 S.W.2d 635; Universal Transport & Distributing Company v. Ramos, Tex.Civ.App., 47 S.W.2d 857; Bettis v. Rayburn, Tex.Civ.App., 143 S.W.2d 1011.

Appellee, in her controverting affidavit, alleged five acts of negligence, to-wit:

"(1) That the defendant operated her car in a careless and negligent manner, in that she failed to keep a proper lookout for persons along the road, and, in particular, for the said Nilo Waldeman Cook.

"(2) That the defendant operated her car at the said time and place in a careless and negligent manner, in that she was driving at a rate of speed so great and excessive that she could not have stopped, by the use of means at her command, within the range of her visibility.

"(3) That the defendant was operating her car in a careless and negligent manner, in that she was driving the same at a speed of more than forty-five (45) miles per hour, which constituted a violation of the Penal Code of this State.

"(4) That the defendant operated her automobile in a careless and negligent manner, in that she was driving at such a rate of speed as was reckless and excessive under the facts and circumstances and at the time in question.

"(5) That the defendant operated her automobile in a careless and negligent manner, in that the road at and near the place of the said accident was clear and unobstructed, and the defendant saw and discovered the said Nilo Waldeman Cook, and that it was obvious and evident to the defendant that the said Nilo Waldeman Cook was in a perilous position and that there was no avenue of escape to him, but that the defendant failed to use the means at hand, consistent with her safety and with the safety of the persons riding with her, to avoid striking the said Nilo Waldeman Cook, whereby the injuries resulting from said collision could have been avoided."

■■■ The first alleged act of negligence relates to a failure to keep a proper lookout, which could not constitute active, affirmative negligence.

The third item relates to driving in excess of forty-five miles per hour, which was not supported by the evidence.

The fifth item relates to discovered peril, which was not supported by any evidence.

■■■ This leaves only the second and fourth items, which are closely related and relate generally to driving at an excessive rate of speed under all the circumstances. Appellee's contention under these two items are summed up in the following quotation from her brief, to-wit: "* * * the law seems to be clear, therefore, that evidence of the act of a motorist in driving her car, after being blinded by the lights of an oncoming vehicle, at such a rate of speed that she could not stop within the range of her visibility, as did the appellant in the case at bar, is sufficient to sustain a finding of negligence by the trial court; that such negligent operation of her car, under the authorities, constitutes a trespass under Sec. 9 of Art. 1995; and that the proof of such negligence, resulting in a collision occurring in Bexar County, is sufficient on which to sustain venue in said county."

The trouble about this contention is that it is unsupported by any evidence and is contrary to the evidence.

The only witness to testify was appellant, herself. She testified positively that she was not blinded by the lights of the oncoming automobile. There is no evidence to show when the deceased got upon the highway, for aught this record shows he may have stepped upon the highway at the second he was struck. No one states that he was there any sooner. Appellant was on

her own right-hand side of the highway, she was not exceeding the speed limit prescribed by law, nor was she violating any penal statute at the time of the collision. She was not therefore guilty of negligence per se. The evidence does not show her to have been otherwise guilty of negligence. Bettis v. Rayburn, supra.

The appellee having failed to offer evidence sufficient to show that a trespass was committed by appellant in Bexar County, the trial judge erred in overruling appellant's plea of privilege.

The order overruling the plea of privilege will be reversed and the matter remanded.